# THE WEINSTEIN GROUP, P.C.

6800 JERICHO TURNPIKE, SUITE 112W • SYOSSET, NEW YORK 11791 • TEL: 516-802-5330 • FAX: 516-802-5332

August 14, 2024

Hon. Pamela K. Chen
United States District Court
225 Cadman Plaza East, Courtroom: 4F
Brooklyn New York 11201

      Re:    Kahlon, *et al.* v. Yitzhak, *et al.*,
             Case No. : 2:24-cv-05383-PKC-LGD

Dear Judge Chen:

    Please be advised that the undersigned is counsel to the Defendants in the captioned matter. On behalf of the same, I am writing to the Court, pursuant to Your Honor's Individual Practices at 3(A), requesting a pre-motion conference in anticipation of a motion to remand the matter to State Court. This matter has a convoluted past, which is summarized briefly below.

    Plaintiffs are judgment creditors over Defendants. Although there had been an understanding staying enforcement between the parties, Plaintiffs recently began enforcing the Judgment. Defendants moved the Supreme Court, by Judge Sharon Gianelli, to vacate the Judgment by virtue of the effect of res judicata and the fact that Plaintiffs should have been precluded from ever bringing a claim against Defendants.

    In direct response to that motion, Plaintiffs amplified their efforts to enforce the judgment, immediately threatening the residence of Erica Yitzhak with a Marshal's sale of the co-operative shares of her apartment. When efforts to avoid the sale of Ms. Yitzhak's residence failed, a motion to the Supreme Court, Nassau County, was made, seeking a stay of the sale and maintaining the status quo. In opposition to the application for a restraint, Plaintiffs' attorneys represented to Judge Felice J. Maraca that Ms. Yitzhak had previously made the argument set forth in the motion to vacate the Judgment. This representation was not accurate, and is currently the subject of <u>Yitzhak, *et al.* v. Stephen Vlock and Vlock & Associates, PC</u>, pending in the Supreme Court, Nassau County, Index Number: 609133/2024. However inaccurate, Judge Maraca relied upon the same and denied Ms. Yitzhak's application for a temporary restraining order, removing any impediment to the Plaintiffs from selling Ms. Yitzhak's property.

As a result, Ms. Yitzhak had no other recourse but to seek personal bankruptcy protection. Even though the motion to vacate the Judgment that had been pending included non-bankrupt parties, Supreme Court Judge Sharon Gianelli stayed the entire matter in deference to the bankruptcy filing. Through counsel, Yitzhak then sought to modify the bankruptcy stay to allow Judge Gianelli to hear and decide the pending motion. After consideration, Bankruptcy Judge Philip Bentley modified the automatic stay "to permit the Debtor to proceed with her Renewal and Reargument Motion and to seek vacatur of the judgment in the State Court Action…." ECF 35, p 1. A copy of the Order is appended hereto. The Court's Order was mindful of the claims of the creditors as well as the Order continues "the automatic stay is hereby modified to permit Kahlon to file any and all pleadings he deems necessary or appropriate to oppose the Debtor's Renewal and Reargument Motion and the Debtor's efforts seeking vacatur of the judgment…." ECF 35, p 2. Lastly, the Court was very clear to carve out the determination of the motion to vacate the judgment is finally Ordering: "other than permitting the Debtor to prosecute the Renewal and Reargument Motion and seek to vacate the judgment and to permit Kahlon to oppose such motion and for the state court to rule on the Renewal and Reargument Motion, the automatic stay remains in effect." ECF 35, p 2 (emphasis supplied).

Thus, as of July 1, 2024, the Bankruptcy Court reviewed the motion filed in State Court to vacate the Judgment, and upon the application of the Debtor, the Bankruptcy Court granted Ms. Yitzhak's application to modify the automatic stay, allowing the motion to vacate to proceed, granting Kahlon the right to oppose the motion and then for the state court to rule on the motion. It is the last part of the Order that is most relevant to the anticipated motion, to wit: the Bankruptcy Court has already determined that the State Court is to hear the motion to vacate the Judgment.

The matter of BREAKELL v. 3M COMPANY, No. 3:19-cv-583 (USDC, District of Connecticut, by District Judge Victor A. Bolden, July 16, 2019), a copy of which is attached hereto, is particularly instructive on a motion to remand a removed matter back to State Court. Many facets of that case are applicable here, including an analysis of the discretion of the Court to equitably remand the matter writing:

"When determining whether equity requires a remand to state court, courts consider the following factors: (1) the effect of the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants." Marah Wood Prods., LLC v. Jones, 534 B.R. 465, 477 (D. Conn. 2015) (citing Schumacher v. White, 429 B.R. 400, 405 (E.D.N.Y. 2010))." Breakell v. 3M Co., No. 3:19-cv-583 (VAB), 8 (D. Conn. Jul. 16, 2019)

In brief review of the foregoing factors, equity would favor remand of the matter. (1) the nature of the motion to vacate and the history of the matter, which commenced in 2016 and has been fully heard by Justice Sharon Gianelli, has a tremendous learning curve that would needlessly waste the resources of the Bankruptcy Court; (2) the motion to vacate is based upon New York's interpretation of Federal Rule 13; (3) this factor does not impact the favor of remand, nor do (4), (5) or (6). By contrast, (7) the prejudice to Yitzhak would be tremendous. The motion to vacate the Judgment was made months ago and Plaintiffs/Creditors/Removing Parties are clearly concerned about the State Court Judge reviewing and determining the motion. If granted, the Judgment would be vacated which would likely vitiate the need for the bankruptcy. With this thought having been argued to the Bankruptcy Court, Judge Bentley modified the automatic stay as set forth herein with the specific instruction that the State Court Judge determine the application.

Given that factors (1),(2) and (7) above lean heavily in favor of remand and (3), (4), (5) and (6) have neutral impact, the matter should be remanded to State Court.

Accordingly, Defendants respectfully request a pre-motion conference with the Court to address the anticipated application for the remand of this matter to the State Court. No prior application for the within relief has been filed in this matter.

    Respectfully,
    THE WEINSTEIN GROUP, P.C.

    LLOYD J. WEINSTEIN, Esq.