

Minyao Wang
77 Water Street, Suite 2100
New York, New York 10005
Minyao.Wang@lewisbrisbois.com
Direct: 646.989.9428

August 21, 2024

The Honorable Pamela K. Chen
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn New York 11201

    Re:    ***Kahlon et al v. Yitzhak et al.***
               Case Number:  2:24-cv-05383-PKC-LGD

Dear Judge Chen:

       I represent Jossef Kahlon in the above-captioned matter. I write in response to the letter motion (ECF No. 8) dated August 14, 2024 by Erica Yitzhak, currently a Chapter 11 debtor in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), seeking to equitably remand this matter to New York State Supreme Court, Nassau County, (the "State Court"), where it was pending prior to removal by Mr. Kahlon to this Court pursuant to 28 U.S.C. § 1452(a). Ms. Yitzhak's reasons for a discretionary remand are meritless and, as such, the Court should summarily deny her letter motion and transfer this matter to the Bankruptcy Court.

       Critically, Ms. Yitzhak's self-serving recitation of the procedural history of the underlying litigation between the parties, including with respect to the State Court action, as set forth in her letter motion, is incomplete. As recounted in greater detail in the *Notice of Removal* (ECF No. 1), Ms. Yitzhak, a licensed New York attorney, acted for Mr. Kahlon in initiating civil litigation in October 2012 in the New York County Supreme Court against certain parties. Ms. Yitzhak's legal work was woefully deficient and severely prejudicial to Mr. Kahlon. Due to Ms. Yitzhak's egregious acts and omissions as a lawyer, Mr. Kahlon's litigation, to his great detriment, was dismissed without leave to amend. Thereafter, defendants in the original state court action brought litigation in this Court (Case No. 13-CV03126) against both Ms. Yitzhak and Mr. Kahlon concerning the prosecution of the earlier dismissed state action. During the trial proceedings held before this Court, Judge Leonard Wexler issued a harsh on-the record rebuke of Ms. Yitzhak regarding her legal work on behalf of Mr. Kahlon. Specifically, according to Judge Wexler, Ms. Yitzhak "violated everything that a lawyer should have done in a case" and that her performance was "disgusting" and "horrible." However, notwithstanding Judge Wexler's admonishment and harsh rebuke, Ms. Yitzhak settled the federal case with plaintiffs before the jury could reach a verdict. Thereafter, the jury found Mr. Kahlon to be liable to the underlying plaintiffs in the amount of one million dollars ($1,000,000). In other words, due to Ms. Yitzhak's egregious legal malpractice, not only did Mr. Kahlon forfeit his ability to recover from the defendants in the original state action, but he also became liable to those same defendants for one million dollars.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND •MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

144537028.1

Judge Pamela K. Chen
August 21, 2024
Page 2

Mr. Kahlon thereafter filed a malpractice action against Ms. Yitzhak in the State Court in 2016. Represented by counsel, Ms. Yitzhak had a full and fair opportunity to defend herself. Notwithstanding, the State Court granted summary judgment in favor of Mr. Kahlon in 2021, a frankly unsurprising result given Judge Wexler's harsh assessment of Ms. Yitzhak's legal work. The State Court, quoting Judge Wexler's aforementioned comments, found that Ms. Yitzhak had "failed to exercise the care, skill and diligence commonly possessed and exercised by a member of the legal profession." The State Court denied Ms. Yitzhak's motion to vacate, denied a stay pending appeal, and entered a judgment in the amount of $1,503,013.70 (the "Judgment"). Ms. Yitzhak then failed to pursue her appeal to the Second Department and the Judgment became final under state law.

Some **eight years** after the commencement of the State Court action and having exhausted legitimate options to evade the final and non-appealable Judgment, Ms. Yitzhak resorted to the gambit of filing a new motion which for the **first** time invokes Federal Rules of Civil Procedure 13. Ms. Yitzhak argues that when litigation was pending in this Court, Mr. Kahlon, as a party defendant, was required by F.R.C.P. 13 to have asserted his **cross-claims** against Ms. Yitzhak, another party defendant—that is, a **co-party**—in the same action. This eleventh-hour argument is squarely foreclosed by both the plain text of F.R.C.P. 13(g) and related-case law stating that **cross-claims** against **co-parties** are **never compulsory**. 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 1431 (a cross-claim "always is permissive" and is not subject to "res judicata, waiver or estoppel"); *see also Priority Records, Inc. v. Bridgeport Music, Inc.*, 907 F. Supp. 725, 732 (S.D.N.Y. 1995) (citing the treatise); *Notice of Removal*, ¶¶ 13-15 (collecting cases). It is telling that Ms. Yitzhak ignores the extensive citations in the *Notice of Removal* demonstrating that her position is untenable and cannot be supported by a good-faith argument for an extension, modification or reversal of existing law. It is equally telling that none of the cases cited in Ms. Yitzhak's Motion to Vacate (Exhibit 1 at 17-20) involves a cross-claim against a co-party. Ms. Yitzhak does not have a scintilla of legal support for her last-minute Motion to Vacate. The Motion was filed in egregious bad faith.

In her letter motion, Ms. Yitzhak does not (and cannot) contest that her bankruptcy filing in the Bankruptcy Court created the necessary federal subject-matter jurisdiction (*see* 28 U.S.C. § 1334). She instead only asks for an equitable remand to the State Court. Ms. Yitzhak does not come close to satisfying her burden of demonstrating that such a discretionary remand is warranted. As an initial matter, Ms. Yitzhak quotes extensively from the Bankruptcy Court's order lifting the stay and permitting her to prosecute the Motion to Vacate. But a Bankruptcy Court's decision to lift the automatic stay has no bearing on whether after removal a federal court should retain jurisdiction. Ms. Yitzhak's bankruptcy filing triggered a stay of further proceeding in the State Court action. 11 U.S.C. § 362. No action in the State Court action could be taken until the stay was lifted. Indeed, the bankruptcy rules expressly contemplate this scenario by providing that the clock to effectuate removal under the Bankruptcy Code does not start to run until the stay has been lifted. *See* F.R.B.P. 9027(a)(3) (removal within 30 days of an order lifting the stay). Therefore, the fact that the Bankruptcy Court lifted the stay in the State Action provides no support on the merits to Ms. Yitzhak's Motion to Vacate; nor does it say anything about whether equitable remand is appropriate.

Federal courts in New York look to the following factors in determining whether equitable remand is warranted: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable

Judge Pamela K. Chen
August 21, 2024
Page 3

state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. *Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y.1991). These factors overwhelmingly favor the retention of federal jurisdiction. *First* (factors 1 and 5), the resolution of the Motion to Vacate and Ms. Yitzhak's liability to Mr. Kahlon under the Judgment is central to the efficient administration of her bankruptcy case. Indeed, Ms. Yitzhak has admitted that she would not have filed for bankruptcy protection but for Mr. Kahlon's enforcement of the Judgment.[1] *Second* (factors 2 and 3), the Judgment under New York state law is final and non-appealable. The **sole** basis for the Motion to Vacate is a federal law question, namely the application of F.R.C.P. 13 to cross-claims against a co-party in a case in this Court. The Motion to Vacate presents no state law issue(s), let alone the predominance of state law issues. And federal judges are in particular well-equipped to expeditiously interpret federal law and to weigh the appropriateness of sanctions if they determine the Motion to Vacate is frivolous, as Mr. Kahlon contends that it is. *Third*, (factor 4), given the lack of state law issues and that federal law is decisive to the Motion to Vacate, comity supports the retention of federal jurisdiction. *Fourth* (factor 7), Ms. Yitzhak cannot credibly claim prejudice: she voluntarily invoked the protection of a federal bankruptcy court to address the Judgment entered against her. It is fair to require her to litigate the Motion to Vacate, which itself is premised **entirely** on **federal** law, in the same federal forum that she chose for herself.[2]

Ms. Yitzhak appended to her letter motion a decision by the United States District Court for the District of Connecticut. However, that decision, *Breakell v. 3m Co.*, actually shows why this matter should be retained in federal court. In *Breakell*, the state court action was removed under the bankruptcy removal statute after *some* of the defendants filed for bankruptcy. Critically, at the time of removal, the state court action was at the discovery stage with a trial scheduled several months away. Of equal importance, the claims asserted in the upcoming trial concerned solely questions of Connecticut state law, unlike here, where the Motion to Vacate turns **entirely** on a **federal** law question. Also, unlike here, the removed state action in *Breakell* had only a marginal impact on the bankruptcy case. *See* ECF 8-2 at 5 (the state action "would not, by itself, have a significant impact on the administration of the bankruptcy estate or proceedings"). Here, in sharp contrast, the Motion to Vacate is central to Ms. Yitzhak's Chapter 11 case, as she has freely admitted. Therefore, Ms. Yitzhak's strained apples-to-oranges comparison to a case in which the state court had yet to conduct a trial that would involve only state law questions falls flat.

Accordingly, Mr. Kahlon respectfully requests that the Court deny Ms. Yitzhak's request for equitable remand and transfer this case to the United States District Court for the Southern District of New York for eventual referral to the Bankruptcy Court where Ms. Yitzhak's bankruptcy case is pending.

---

[1] *See* **Exhibit 2** (motion to lift stay) at 8 (Ms. Yitzhak "will have no need to continue her bankruptcy case" if the Motion to Vacate is granted); **Exhibit 3** (Bankruptcy Court hearing transcript) at 9 (the Motion to Vacate, if granted, would "vitiate the need, essentially, for this Chapter 11 case").

[2] Factor 6 is neutral as there is no jury right to determine a motion to vacate in either forum.

Judge Pamela K. Chen
August 21, 2024
Page 4

                            Respectfully,

                            /s/ Minyao Wang

                            Minyao Wang of
                            LEWIS BRISBOIS BISGAARD & SMITH LLP