UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YOSSEF KAHLON a/k/a JOSSEF KAHLON           Case No.: 24-cv-05383
and ATLAS SOLAR HOLDINGS, LLC,

                        Plaintiffs,

       -against-

ERICA T. YITZHAK, THE LAW OFFICES
OF ERICA T. YITZHAK and
ERICA T. YITZHAK, ESQ., P.C.

                       Defendant(s).
-------------------------------------------------------------------X

# MEMORANDUM IN SUPPORT OF MOTION TO REMAND

                        Respectfully submitted,

                        THE WEINSTEIN GROUP, P.C.
                        LLOYD J. WEINSTEIN, Esq.
                        6800 Jericho Turnpike, Suite 112W
                        Syosset, New York 11791
                        Telephone: 516-802-5330
                        Facsimile: 516-802-5332
                        ljw@theweinsteingroup.net

## PRELIMINARY STATEMENT

Plaintiffs are judgment creditors over Defendants. Although there had been an understanding staying enforcement between the parties, Plaintiffs recently began enforcing the Judgment. Defendants moved the Supreme Court, by Judge Sharon Gianelli, to vacate the Judgment by virtue of the effect of res judicata and the fact that Plaintiffs should have been precluded from ever bringing a claim against Defendants.

In direct response to that motion, Plaintiffs amplified their efforts to enforce the judgment, immediately threatening the residence of Erica Yitzhak with a Marshal's sale of the co-operative shares of her apartment. When non-judicial efforts to avoid the sale of Ms. Yitzhak's residence failed, a motion to the Supreme Court, Nassau County, was made, seeking a stay of the sale and maintaining the status quo. In opposition to the application for a restraint, Plaintiffs' attorneys represented to Judge Felice J. Maraca that Ms. Yitzhak had previously made the argument set forth in the motion to vacate the Judgment. This representation was knowingly and intentionally false, and is currently the subject of <u>Yitzhak, et al. v. Stephen Vlock and Vlock & Associates, PC</u>, pending in the Supreme Court, Nassau County, Index Number: 609133/2024. However inaccurate, Judge Maraca relied upon the same and denied Ms. Yitzhak's application for a temporary restraining order, removing any impediment to the Plaintiffs from selling Ms. Yitzhak's property.

As a result, Ms. Yitzhak had no other recourse but to seek personal bankruptcy protection. Even though the motion to vacate the Judgment that had been pending

included non-bankrupt parties, Supreme Court Judge Sharon Gianelli stayed the entire matter in deference to the bankruptcy filing.

Through counsel, Yitzhak then sought to modify the automatic bankruptcy stay to allow Judge Gianelli to hear and decide the pending motion. After consideration, Bankruptcy Judge Philip Bentley modified the automatic stay "to permit the Debtor to proceed with her Renewal and Reargument Motion and to seek vacatur of the judgment in the State Court Action…." ECF 35, p 1. A copy of the Order is appended hereto as **Exhibit A**. The Court's Order was mindful of the claims of the creditors as well, as the Order continues "the automatic stay is hereby modified to permit Kahlon to file any and all pleadings he deems necessary or appropriate to oppose the Debtor's Renewal and Reargument Motion and the Debtor's efforts seeking vacatur of the judgment…." ECF 35, p 2.  Lastly, the Court was very clear to carve out the determination of the motion to vacate the judgment is finally Ordering: "other than permitting the Debtor to prosecute the Renewal and Reargument Motion and seek to vacate the judgment and to permit Kahlon to oppose such motion and <u>for the state court to rule on the Renewal and Reargument Motion</u>, the automatic stay remains in effect." ECF 35, p 2 (emphasis supplied).

Thus, as of July 1, 2024, the Bankruptcy Court reviewed the motion filed in State Court to vacate the Judgment, and upon the application of the Debtor, the Bankruptcy Court granted Ms. Yitzhak's application to modify the automatic stay, allowing the motion to vacate to proceed, granting Kahlon the right to oppose the motion and then for the state court to rule on the motion. It is the last part of the

Order that is most relevant to the anticipated motion, to wit: the <u>Southern District Bankruptcy Court has already determined that the State Court is to hear the motion to vacate the Judgment</u>.

## THE ULTIMATE DESTINATION BY PLAINTIFF IS THE BANKRUPTCY COURT, BUT THAT COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIM

As is set forth in the removal application, Plaintiffs are seeking to make this matter a part of Ms. Yitzhak's bankruptcy proceeding even though the Bankruptcy Court recently ruled that the State Court should hear and determine the motion. Plaintiffs' application is impossible, however, because the Bankruptcy Court does not have subject matter jurisdiction over the original claims in this case.

Civil actions brought in state court may be removed to this Court "only if the federal courts have original jurisdiction over the matter." <u>Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC</u>, 2011 WL 4965150, at *2 (S.D.N.Y. Oct. 10, 2011) (citing 28 U.S.C. § 1441(a)). "When challenged, the party seeking removal bears the burden of establishing [that the federal district court has] jurisdiction." <u>Sealink Funding Ltd, v. Bear Steams & Co. Inc.</u>, 2012 WL 4794450, at *2 (S.D.N.Y. 2012) (quoting <u>Allstate Ins. Co. v. CitiMortgage, Inc.</u>, 2012 WL 967582, at *2 (S.D.N.Y. Mar. 13, 2012)).[1] "

On a motion for remand, the Court 'must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff.'" Id. (quoting <u>In re</u>

---

[1] See also <u>In re Village of Kiryas Joel, N.Y.</u>, 2012 WL 1059395, at *2 (S.D.N.Y. Mar. 29, 2012) ("On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating the removal was proper.' If the removing party fails to meet this burden, the case must be remanded.")

NASDAQ Mkt. Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996)). Further, "out of respect for the limited jurisdiction of federal courts and the rights of states, [courts] must resolve any doubts against removability." Allstate, 2012 WL 967582, at *2. If the Court determines that it lacks jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c) ("...If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....").

This matter is not destined for the District Court. Rather, the Removal Notice states the intention is to remove the matter to the United States Bankruptcy Court for the Southern District of New York, somehow after a transfer from the Eastern District to the Southern District and thence to the Bankruptcy Court. However, this matter will never reach the Bankruptcy Court as it is not a "core proceeding" under 28 U.S.C. § 157(b)(2) and consequently the Bankruptcy Court does not have original jurisdiction over the matter.

The original claims of Plaintiffs against Defendants stem from a claim of legal malpractice that has been reduced to a Judgment. The matter is now a Judgment enforcement proceeding over which the Bankruptcy Court does not have original jurisdiction.

"Typically, a party seeking relief bears the burden to show he is entitled to that relief. Placing the burden on the party seeking remand may nevertheless be inconsistent with the mandatory nature of abstention under § 1334(c)(2) as well as the principles of comity, which presume that a state court will operate efficiently and effectively." Parmalat, 639 F.3d at 582 (internal citations omitted).

Here, given that the Plaintiffs are seeking jurisdiction in Bankruptcy Court, this matter must be a core proceeding, which it is not. Thus, remand to State Court is appropriate.

## MANDATORY ABSENTION IS WARRANTED

Under 28 U.S. Code § 1334(c)(2): "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

"There are six requirements for mandatory abstention: (1) the motion to abstain is timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) the action can be timely adjudicated in state court." Fried v. Lehman Brothers Real Estate Assoc. III, L.P., 496 B.R. 706, 711 (S.D.N.Y. 2013) citing In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 331 (S.D.N.Y.2003). These requirements are met, which turns our attention to the factors for the Court's consideration when contemplating mandatory abstention.

The matter of BREAKELL v. 3M COMPANY, No. 3:19-cv-583 (USDC, District of Connecticut, by District Judge Victor A. Bolden, July 16, 2019), is particularly

instructive on a motion to remand a removed matter back to State Court. Many facets of that case are applicable here, including an analysis of the discretion of the Court to equitably remand the matter writing:

> "When determining whether equity requires a remand to state court, courts consider the following factors: (1) the effect of the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants." Marah Wood Prods., LLC v. Jones, 534 B.R. 465, 477 (D. Conn. 2015) (citing Schumacher v. White, 429 B.R. 400, 405 (E.D.N.Y. 2010))." Breakell v. 3M Co., No. 3:19-cv-583 (VAB), 8 (D. Conn. Jul. 16, 2019)

In brief review of the foregoing factors, equity would favor remand of the matter. (1) the nature of the motion to vacate and the history of the matter, which commenced in 2016 and has been fully heard by Justice Sharon Gianelli, has a tremendous learning curve that would needlessly waste the resources of the District Courts and Bankruptcy Court; (2) the motion to vacate is based upon New York's interpretation of Federal Rule 13 and/or an expansion of that interpretation; (3) this factor does not impact the favor of remand, nor do (4), (5) or (6). By contrast, (7) the prejudice to Yitzhak would be tremendous. The motion to vacate the Judgment was made months ago and Plaintiffs/Creditors/Removing Parties are clearly concerned about the State Court Judge reviewing and determining the motion. If granted, the Judgment would be vacated which would likely vitiate the need for the bankruptcy. With this thought having been argued before the Bankruptcy Court, Judge Bentley

modified the automatic stay as set forth herein with the specific instruction that the State Court Judge determine the application. Again, the Court that Plaintiffs have designated as the target Court for removal has already ruled that the

Given that factors (1),(2) and (7) above lean heavily in favor of remand and (3), (4), (5) and (6) have neutral impact, the matter should be remanded to State Court.

## PERMISSIVE ABSTENTION IS WARRANTED

Even if this Court were to hold that mandatory abstention does not apply, permissive abstention is warranted here. A district court may abstain under its own discretion pursuant to Section 1334(c)(1) ("... nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11"), or a court may remand on equitable grounds under Section 1452(b) ("The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."). Lehman Bros. Real Estate Assoc. Ill, L.P., 96 B.R. at 712. See also Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc., No. 03 Civ. 724, 2004 WL 224505, *8 (S.D.N.Y. Feb. 5, 2004) ("the factors for equitable remand are virtually identical to the factors for discretionary abstention"). Courts in this district typically turn to a twelve-factor test to analyze permissive abstention under section 1334(c)(1): (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or

unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties. Lehman Bros. Real Estate Assoc. Ill, L.P., 496 B.R. at 713. See, e.g., In re WorldCom, Inc. Sec. Litig., 293 B.R. at 332; Allstate Ins. Co. v. CitiMortgage, Inc., 2012 WL 967582 (S.D.N.Y. Mar. 13, 2012); Langston Law Firm v. Mississippi, 410 B.R. 150, 156 (S.D.N.Y.2008); In re Gordon, 2011 WL 3878356 (Bankr.S.D.N.Y. Aug. 30, 2011). "In determining whether to exercise permissive abstention under § 1334(c) courts have considered one or more (not necessarily all) of twelve factors." Lehman Bros. Real Estate Assoc. Ill, L.P., 496 B.R. at 713 (quoting In re Cody, Inc., 281 B.R. 182, 190 (S.D.N.Y.2002)) (emphasis in original).

The factors largely ask the Court to balance the federal interest in efficient bankruptcy administration against the interest of comity between the state and federal courts. Id. at 713. (1) The effect or lack thereof on the efficient administration of the estate if a Court recommends abstention The first factor weighs heavily in favor

of permissive abstention because adjudication of the Removed Claims will not impede the efficient administration of the estate. (2) The extent to which state law issues predominate over bankruptcy issues. Factor two strongly favors permissive abstention, because Plaintiffs Judgment is based entirely on state's law interpretation and/or expansion of its view of a statute, and there are no bankruptcy issues or claims raised by any party in the Action. (3) The difficulty or unsettled nature of the applicable state law. While the state law issues in the Action may not be unsettled or overly difficult, the New York Supreme Court Commercial Division deals with these matters regularly and Judge Gianelli is very familiar with the issues and the parties due to the fact that the Action has been pending before her for several years. Accordingly, Factor three favors state court adjudication. (4) The presence of a related proceeding commenced in state court or other non-bankruptcy court. The fourth factor weighs in favor of discretionary abstention because certain claims addressed in the Action have not been removed, ie., the claims against Vlock, and remain pending in the State Court. These unremoved causes of action are related to the Removed Claim, involving the same parties and many of the same legal issues. Without remand, there would be needless confusion and a risk of different or inconsistent rulings by the State Court and the Bankruptcy Court on the same issues (Werth Deci., U 27). (5) The jurisdictional basis, if any, other than 28 U.S.C. $ 1334. Factor five is in favor of permissive abstention, as the sole basis for federal jurisdiction, if any, is "related to" jurisdiction under 28 U.S.C. § 1334. (6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy

case. This sixth factor weighs in favor of permissive abstention because the bankruptcy case is only tangentially related to the Action. (7) The substance rather than form of an asserted "core" proceeding. There are no core proceedings in the Action. It is a Judgment obtained against Defendants for legal malpractice and is unrelated to the bankruptcy proceeding. The resolution of the Plaintiffs claim will only affect the amount of distributions available to the Debtor's claimants/creditors. Accordingly, factor seven favors permissive abstention. (8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court There are no core bankruptcy matters and it would be highly impractical for some of the claims to be adjudicated by this Court while others are adjudicated by the State Court. Therefore, factor eight weighs in favor of permissive abstention. (9) The burden on the court's docket. Both the State Court and the Bankruptcy Court have very busy dockets, but the State Court's familiarity with the Action and previous decisions rendered by the State Court in the Action indicate that factor nine weighs in favor of permissive abstention. (10) The likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties The Creditors removed the matter seeking to transfer it to a different District's Bankruptcy Court serves no valid bankruptcy purpose. (See Werth Deci., 19). Thus, factor ten weighs in favor of discretionary abstention. (11) The existence of a right to a jury trial. This does not support or oppose discretionary abstention. (12) The presence in the proceeding of non-debtor parties. Factor twelve weighs in

favor of permissive abstention because the Action's related matters involve numerous non-debtor parties.

As demonstrated above, all or almost all of the factors relevant to permissive abstention weigh in favor of the state forum. Permissive abstention is also warranted in the interest of justice based on the Creditor's bad-faith removal. Defendants have been litigating against the Plaintiffs for several years at extremely substantial legal cost. Defendants need the state law claims to be resolved without further delay and Defendants have endured the Plaintiffs' grossly dilatory tactics for too long.

### THE REMOVED CLAIM SHOULD BE REMANDED ON EQUITABLE GROUNDS PURSUANT TO 28 U.S.C. § 1452(b)

"[T]he factors for equitable remand are virtually identical to the factors for discretionary abstention". ABB Lummus Global, Inc., 2004 WL 224505, at *8. For the same reasons that justify this Court's discretionary abstention set forth above, this Court should remand the Removed Claims on equitable grounds pursuant to 28 U.S.C. § 1452(b).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully submits the Court enter an order (i) remanding the matter to the State Court for adjudication, (ii) abstaining from hearing the Removed Claim under mandatory abstention, 28 U.S.C. § 1334(c)(2), or under discretionary abstention, 28 U.S.C. § 1334(c)(1), (iii) remanding the matter on equitable grounds pursuant to 28 U.S.C. § 1452(b) and Bankruptcy Rule 9027(d), and (iv) terminating the automatic stay to permit the matter to continue in the State Court as originally directed by the Bankruptcy Court in its prior Order.

Dated:  December 2, 2024
        Syosset, New York

Respectfully submitted,

THE WEINSTEIN GROUP, P.C.

LLOYD J. WEINSTEIN, Esq.
6800 Jericho Turnpike, Suite 112W
Syosset, New York 11791
Telephone: 516-802-5330
Facsimile: 516-802-5332
ljw@theweinsteingroup.net