# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOSSEF KAHLON a/k/a JOSSEF KAHLON and ATLAS SOLAR HOLDINGS, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>ERICA T. YITZHAK, THE LAW OFFICES OF ERICA T. YITZHAK and ERICA T. YITZHAK, ESQ., P.C.<br><br>　　Defendant. | Civil Action No. 2:24-cv-05383-PKC-LGD |

**PLAINTIFF YOSSEF KAHLON'S MEMORANDUM OF LAW IN OPPOSITION TO<br>MOTION FOR REMAND**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

    A.    THE MOTION CONTAINS MATERIAL MISSTATEMENTS OF THE LAW ......................... 3

    B.    MANDATORY ABSTENTION DOES NOT APPLY ........................................................... 6

    C.    PERMISSIVE ABSTENTION DOES NOT APPLY ............................................................ 11

    D.    EQUITABLE REMAND DOES NOT APPLY ................................................................. 13

CONCLUSION ............................................................................................................................ 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*BGFI GP I LLC v. Prieto* (*In re WP Realty Acquisition III LLC*),
　626 B.R. 154 (Bankr. S.D.N.Y. 2021) ............................................................................. 8, 10, 11

*Breakell v. 3M Co.*, No. 3:19-cv-583 (VAB),
　No. 3:19-cv-583 (VAB), 2019 U.S. Dist. LEXIS 117979 (D. Conn. July 16, 2019) .................. 6

*Cofane Assocs., LLC v. Long Island City Devs. Grp., LLC*,
　No. 21-cv-7162 (JS) (ST), 2022 U.S. Dist. LEXIS 155540 (E.D.N.Y. Aug. 29, 2022) ............. 4

*Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*,
　130 B.R. 405 (S.D.N.Y.1991) ................................................................................................. 10

*Marah Wood Prods., LLC v. Jones*,
　534 B.R. 465 (D. Conn. 2015) .................................................................................................. 6

*N.Y.C. Emples. Ret. Sys. v. Ebbers* (*In re Worldcom, Inc. Sec. Litig.*),
　293 B.R. 308 (S.D.N.Y. 2003) ............................................................................................ 7, 12

*Panthers Capital, LLC v. Jar 259 Food Corp.*,
　No. 22 CV 2674 (DG)(RML), 2023 U.S. Dist. LEXIS 37256, (E.D.N.Y. Mar. 6, 2023) ........ 12

*Parmalat Capital Finance Ltd. v. Bank of America Corp.*,
　639 F.3d 572 (2d Cir. 2011) .................................................................................................. 8, 9

*Residential Funding Co. LLC v. Greenpoint Mortg. Funding, Inc.*
　(*In re Residential Capital, LLC*),
　519 B.R. 593(S.D.N.Y.2014) .................................................................................................... 4

*Schumacher v. White*,
　429 B.R. 400 (E.D.N.Y. 2010) ........................................................................................... 6, 11

*Worldview Entm't Holdings Inc. v. Woodrow*,
　611 B.R. 10 (S.D.N.Y. 2019) ................................................................................................... 5

**Statutes**

28 U.S. C. § 1334(b) ........................................................................................................................ 4

28 U.S.C. § 157(b) ......................................................................................................................... 8

28 U.S. Code § 362 .................................................................................................................... 2, 5

28 U.S. Code § 1334 ...................................................................................................................... 7

**Rules**

Fed. R. Civ. Pro. 13 ........................................................................................................... 1, 2, 9, 11

Fed. R. Bkr. Pro. 7013 ................................................................................................................... 9

## PRELIMINARY STATEMENT

As this Court is well-aware by now, Plaintiff Jossef Kahlon ("Mr. Kahlon") obtained in New York State Supreme Court, Nassau County (the "State Court"), a judgment with the face amount of $1,503,013.70 (the "Judgment") against defendant Erica Yitzhak ("Ms. Yitzhak"), a member of the Bar of the State of New York. This Judgment stems from Ms. Yitzhak's egregiously deficient representation of Mr. Kahlon and his companies in a litigation matter in state court. In the assessment of Judge Wexler of this Court, Ms. Yitzhak's legal work for Mr. Kahlon was "disgusting" and "horrible." And it caused Mr. Kahlon to become liable for one million dollars ($1 million) to the parties he had retained Ms. Yitzhak to sue on his behalf. In light of this harsh judicial rebuke, it should come as no surprise that Mr. Kahlon prevailed in his eventual malpractice action (the "State Court Action") against Ms. Yitzhak in the summary judgment stage. Ms. Yitzhak was represented in the State Court Action and had an opportunity to defend herself fully. The State Court denied a motion by Ms. Yitzhak for reconsideration and Ms. Yitzhak did not appeal further. The Judgment therefore is now final as a matter of state law.

Ms. Yitzhak then did two things to attempt to prevent Mr. Kahlon from collecting on the Judgment. *First*, she filed in the State Court a motion to vacate (the "Motion to Vacate") arguing *for the first time* that the State Court Action should have been barred under FRCP 13 because Mr. Kahlon did not bring that action when he and Ms. Yitzhak were defendants in an action before this Court years ago. *Second*, Ms. Yitzhak commenced in the United States District Court for the Southern District of New York (the "Bankruptcy Court") a petition for relief under the Bankruptcy Code. Ms. Yitzhak admitted in her bankruptcy filing the only reason she sought bankruptcy protection was the Judgment and that if the Motion to Vacate were successful she would withdraw her bankruptcy petition. In other words, there is no dispute that the State Court Action and more

1

specifically the Motion to Vacate is central to the *existence* and administration of Ms. Yitzhak's bankruptcy case.

Ms. Yitzhak's bankruptcy filing automatically stayed the State Court Action pursuant to Section 362 of the Bankruptcy Code, including the Motion to Vacate. In accordance with normal bankruptcy practices, Ms. Yitzhak moved for and obtained relief from the stay to further prosecute her Motion to Vacate. Again in accordance with normal bankruptcy practices and pursuant to the Bankruptcy Rule designed exactly for this situation, Mr. Kahlon effectuated removal of the Motion to Vacate within the deadline set forth by the federal rules committee, that is within 30 days of the entry of the Bankruptcy Court order lifting the automatic stay.

As for the substantive basis of the Motion for Vacate, at the October 24, 2024 premotion conference, this Court expressed unequivocal agreement with Mr. Kahlon that the preclusive effect of FRCP 13 does not apply here because Mr. Kahlon and Ms. Yitzhak were ***co-parties*** in the earlier federal action in this court. It is black-letter federal procedural law that cross claims between co parties ***are always permissive***. The Court challenged Ms. Yitzhak's counsel to provide authority (*any* authority) to support his position. Counsel was not able to do so. And in the opening brief Ms. Yitzhak ***entirely ignores*** this issue, notwithstanding her counsel's assertion during the conference, as summarized by Judge Chen, that "there was some other line of cases that suggest that any kind of claims, cross claims or counterclaims . . .must be brought at the same time. Conference Transcript (attached as Exhibit A) at 33:16-18. This silence is telling. Simply put, there is no such case law and there is utterly no legal basis for the Motion to Vacate.

Having all but conceded that the Motion to Vacate is meritless and filed in bad faith, Ms. Yitzhak now resorts to a scatter-shot approach to attempt to negate the proper removal of the Motion to Vacate to the federal forum. *First*, Ms. Yitzhak asserts that the Bankruptcy Code confers

2

original subject matter jurisdiction *only* when the removed action is a core proceeding under the Bankruptcy Code. Setting aside the fact that the Motion to Vacate *is* a core proceeding (a point that this Court accepted during the premotion conference and which Ms. Yitzhak entirely fails to address in her opening brief), Ms. Yitzhak's statement of the law is simply wrong as Congress has granted in plain English original subject-matter jurisdiction to bankruptcy courts for all *non-core* (that is "related to") proceedings. *Second*, Yitzhak argues that the removal was somehow precluded by the Bankruptcy Court's order lifting the stay and Section 362 of the Bankruptcy Code. During the premotion conference, Judge Chen asked Ms. Yitzhak's counsel for "a case cite . . . or something more" to support this position. Conference Transcript at 16:21-22. Her counsel came up empty then and came up empty again more than six weeks later when this Motion was brought. No such case is cited in the brief because it does not exist. Ms. Yitzhak's view of the bankruptcy stay is wrong both because the order lifting provides no such thing and (as discussed earlier) the applicable bankruptcy rule expressly provides that a party has 30 days to file a notice of removal after the stay has been lifted. *Third*, Ms. Yitzhak purportedly seeks *mandatory* abstention but then cites to law that addresses only *discretionary* abstention. That section of her brief candidly makes no sense. *Fourth*, Ms. Yitzhak regurgitates the argument for discretionary remand raised in her pre-motion letter. But the Court has strongly rejected that same argument at the premotion conference and Ms. Yitzhak does not even attempt to offer a reason for the Court to revisit its views.

The Motion should therefore be denied.

## ARGUMENT

### A.     The Motion Contains Material Misstatements of the Law

Ms. Yitzhak brief contains serious misstatements of the law that must be corrected. *First*, she asserts that the Bankruptcy Court "does not have subject matter jurisdiction over the original claims in this case." *See* Motion at 3. Ms. Yitzhak goes on to explain that because the State Court Action is not a "core" proceeding, the Bankruptcy Court does not have "original jurisdiction over the matter." *See* Motion at 4, first full paragraph. This is simply an incorrect statement of the law. As demonstrated in the *Notice of Removal* and discussed again *infra*, the Motion to Vacate *is* a core proceeding within the meaning of the Bankruptcy Code, a position that this Court already accepted during the premotion conference. Ms. Yitzhak fails to respond to the arguments set forth in the *Notice of Removal* or explain why this Court's analysis during the conference should be revisited. And even assuming for the sake of argument that the Motion to Vacate is not a core proceeding (and again the Court has already concluded that it is), the Bankruptcy Court nevertheless would still have original subject-matter jurisdiction over the Motion to Vacate. This much is beyond dispute from the text of 28 U.S.C. § 1334(b) which provides in plain English that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in *or related to cases under title 11*." (emphasis added); *see also Residential Funding Co. LLC v. Greenpoint Mortg. Funding, Inc.* (*In re Residential Capital, LLC*), 519 B.R. 593, 601(S.D.N.Y.2014) (stating flatly that "bankruptcy courts continue to have jurisdiction over non-core matters.").

*Second*, Ms. Yitzhak falsely states that "the Bankruptcy Court has already determined that the State Court is to hear the motion to vacate the Judgment." Motion at 3. This is simply untrue. Nothing in the Bankruptcy Court's order lifting the stay states that the State Court is the exclusive or only forum for determining the Motion to Vacate. The Order states that Ms. Yitzhak "may proceed with her Renewal Motion and to seek vacatur of the judgment in the State Court Action."

4

It says nothing about pre-determining a forum for the resolution of the Motion to Vacate. And it says nothing about prohibiting or otherwise restricting Mr. Kahlon from removing the Motion to Vacate to federal court in accordance with the Bankruptcy Code and the Bankruptcy Rules. Ms. Yitzhak's contention regarding the stay and the order lifting the stay is not only unsupported by a plain reading of the Order but is also contrary to the Bankruptcy Code and the Bankruptcy Rules. While there is a nationwide split on this narrow issue, courts in the Second Circuit overwhelmingly agree that the automatic stay under Section 362 ***never precludes*** a party from removing a case under the bankruptcy removal statute. *Cofane Assocs., LLC v. Long Island City Devs. Grp., LLC*, No. 21-cv-7162 (JS) (ST), 2022 U.S. Dist. LEXIS 155540 (E.D.N.Y. Aug. 29, 2022) ("Therefore, the question becomes whether removal is allowed while such a stay remains pending. Bankruptcy courts in this Circuit have found that it does."); *see also Worldview Entm't Holdings Inc. v. Woodrow*, 611 B.R. 10, 15 (S.D.N.Y. 2019) ("more persuasive is the view that an automatic stay pursuant to Section 362 does not prevent a party from removing a case to federal court or a federal court from adjudicating a motion to remand . . .Therefore, removal of an action from state court does not, in and of itself, qualify as the 'commencement or continuation' of a judicial proceeding, and is not subject to the automatic stay."). This prevailing rule of interpretation in the Second Circuit is fatal to Ms. Yitzhak's theory.

In addition, even assuming that the automatic stay precludes removal in *some* circumstances, this is not such a circumstance because removal was accomplished within 30 days of an order lifting the stay. Bankruptcy Rule 9027(a)(2)(B) expressly contemplates this scenario of removal following the termination of the bankruptcy stay. It provides that a party in interest may file a notice of removal within 30 days of a Bankruptcy Court order terminating the bankruptcy stay is entered. This is exactly what happened in this case. Ms. Yitzhak filed for

5

bankruptcy protection on April 19, 2024. That filing automatically stayed the State Action by operation of Section 362 of the Bankruptcy Code. The stay lift motion filed by Ms. Yitzhak was granted on July 1. And Mr. Kahlon's removal to federal court of the State Court Action was effectuated within 30 days of July 1, as Bankruptcy Rule 9027(a)(2)(B) required and intended. As the leading treatise on bankruptcy explains, "[as] long as the stay remains in effect, there is no reason to impose a time limit for removal to the district court. Thus, clause (B) of paragraph (2) of Rule 9027(a) provides that the notice of removal is timely if it is filed up to 30 days after the entry of an order terminating the stay." 10 Collier on Bankruptcy P 9027.05 (16th 2024). If the Bankruptcy had any intent when it lifted the stay to restrict Mr. Kahlon's right to seek removal, which is expressly enshrined in Rule 9027(a) (2)(B), then one would have expected a specific discussion of or at least reference to Mr. Kahlon's ability to remove. Ms. Yitzhak's invitation to this Court to infer an intent by the Bankruptcy Court to negate a key section of a Bankruptcy Rule *sub silentio* finds no purchase in law or common sense. It must be rejected.

**B.      Mandatory Abstention Does Not Apply**

In her original letter seeking a pre-motion conference (*see* ECF No. 8), Ms. Yitzhak sought only permissive remand of this matter to the State Court. The main authority that she relied in that letter, *Breakell v. 3M Co.*, No. 3:19-cv-583 (VAB), 2019 U.S. Dist. LEXIS 117979 (D. Conn. July 16, 2019), was decided solely on the basis that the state litigation at issue should be *permissively* remanded. *Breakell* did not decide the issue of mandatory abstention. Ms. Yitzhak's letter then pin cited to portions of two cases (*Marah Wood Prods., LLC v. Jones*, 534 B.R. 465, 477 (D. Conn. 2015) and *Schumacher v. White*, 429 B.R. 400, 405 (E.D.N.Y. 2010)) that again addressed only *permissive* abstention. In short, Ms. Yitzhak's letter did not contain even a hint that she would be

6

challenging whether this Court has core bankruptcy jurisdiction over the removed State Action or that she would be seeking a *mandatory* abstention.

In her Motion, Ms. Yitzhak purportedly seeks mandatory abstention. Yet confusingly, in the relevant section of her brief, Ms. Yitzhak once again cites to *Breakell* and its *permissive* abstention factors. In fact, Ms. Yitzhak transported almost word for word the portion of her pre-motion letter on *permissive* abstention to the section of her brief seeking *mandatory* abstention. She does not have a single substantive citation in that section of her brief that addresses mandatory abstention. It is therefore procedurally improper for this Court to address an issue that was neither properly preserved in the party's pre-motion conference letter nor raised in a semi-cogent fashion in her opening brief.

To the extent that the Court is inclined to address Ms. Yitzhak's half-baked purported argument premised on mandatory abstention, her argument fails on the merits. In this Circuit, mandatory abstention is available only if the movant establishes that all the following factors are met: (1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; (6) that action can be "timely adjudicated" in state court. *N.Y.C. Emples. Ret. Sys. v. Ebbers* (*In re Worldcom, Inc. Sec. Litig.*), 293 B.R. 308, 331 (S.D.N.Y. 2003) ("A party is not entitled to mandatory abstention if it fails to prove *any one* of the statutory requirements.") (emphasis added).

Here, Ms. Yitzhak cites to these elements in a rote fashion but then entirely fails to address *how* she satisfies any of the elements. She only asserts, without any explanation, that "[t]hese elements are met" and then immediately shifts to a discussion of the *discretionary* factors which

7

are entirely irrelevant to the *mandatory* abstention analysis. This portion of her brief is candidly non-sensical. Because the burden of proof is on Ms. Yitzhak to establish that the matter should be remanded, her failure to address any of the six elements is fatal and the Court needs to go no further.

Mr. Kahlon further notes preliminarily that factors (1), (3) and (6) cannot be met in this case. *First*, the motion for mandatory remand is not timely because it was not raised in the August 14, 2024 letter requesting a conference and it was raised only in a non-comprehensible fashion when Ms. Yitzhak formally moved to remand, more than four months after removal was effectuated. To the extent that Ms. Yitzhak attempts to more properly move for such mandatory remand in her forthcoming reply, it will be untimely.

*Second*, in his *Notice of Removal*, Mr. Kahlon states that this Motion to Vacate qualifies as a core proceedings within the meaning of 28 U.S.C. § 157(b), which provides illustrative examples of core proceedings: that it is a proceeding related to the administration of the bankruptcy estate, a proceeding concerning the allowance or disallowance of a claim against the estate and/or a proceeding affecting the liquidation of the assets of the estate and/or an adjustment of the debtor-creditor relationships. This Court agreed with Mr. Kahlon during the premotion conference. The Court specifically noted "its pretty clear that the judgment that is being sought and the related foreclosure action . . *is at the core of the bankruptcy proceeding* and made so by [Ms. Yitzhak]." Conference Transcript at 8 (emphasis added); *id*. at 8:9-10 ("the heart of her bankruptcy action has to do with the attempted seizure and sale or forced sale of her apartment to satisfy the judgment"); id at 9:2-3 ("I don't think mandatory abstention applies here or is warranted"). Tellingly, Ms. Yitzhak ignores in her opening brief those on the record judicial observations confirming that the Motion to Vacate is a core proceeding.

8

*Third*, even if the Motion to Vacate is deemed a non-core proceeding (which it is not), mandatory abstention would still not be appropriate because the motion could not be adjudicated in a timely fashion in the State Court. In the Second Circuit, the timeliness factor is further broken down into four subfactors: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate. *BGFI GP I LLC v. Prieto* (*In re WP Realty Acquisition III LLC*), 626 B.R. 154, 161 (Bankr. S.D.N.Y. 2021) (quoting and applying *Parmalat Capital Finance Ltd. v. Bank of America Corp.*, 639 F.3d 572, 580 (2d Cir. 2011)). These factors overwhelmingly dictate denial of mandatory abstention here. even if the Motion to Vacate is non-core

As for the first timeliness factor, it took the State Court more than five years to issue summary judgment in favor of Mr. Kahlon (the case was commenced March 11, 2016 and summary judgment was issued only on September 1, 2021). When this prolonged five year delay is measured against the fast pace of litigation in the Southern District's Bankruptcy Court, one of the country's premier forums for chapter 11 cases, it would be impossible to argue in good faith that the State Court would be a more efficient forum based on timeline alone. *See Parmalat*, 639 F.3d at 580 (it is "informed by the comparative speeds of adjudication in the federal and state forums.").

As for the second timeliness factor, the Second Circuit has expressly instructed that "[w]here the legal issues in a case are especially complex, the forum with the most expertise in the relevant areas of law may well be expected to adjudicate the matter in a more timely fashion relative to the other forum. On the other hand, when the facts in a case are especially complex,

9

the forum with greater familiarity with the record may likewise be expected to adjudicate the matter more quickly." *Id*. at 580-81. Here, the sole issue raised by the Motion to Vacate is a federal procedural question: whether cross-claims are compulsory under FRCP 13. There is no fact intensive question here. Because federal judges, including bankruptcy judges (FRCP 13 is incorporated by reference into Rule 7013 of the Federal Rules of Bankruptcy Procedure) routinely adjudicate this issue, it cannot be argued in good faith that the federal forum is not the forum with the greater requisite expertise to decide this issue. This is particularly true here because New York procedural law does not have anything resembling the compulsory federal counter-claim rule.

Likewise, the third and fourth timeliness factors also strongly counsel against abstention. The third factor asks "whether the litigants in a state proceeding need the state law claims to be quickly resolved as a result of the status of the ongoing title 11 bankruptcy proceeding." *Id*. at 581. The fourth factor asks "whether the state court proceeding would prolong the administration or liquidation of the estate. A matter cannot be timely adjudicated in state court if abstention and remand of the state law claims will unduly prolong the administration of the estate." *Id*. As Judge Sean Lane of the Southern District put it recently, courts under factors 3 and 4 must "focus on the status and needs of the bankruptcy case rather than any particular time guideline." *BGFI GP I LLC,* 626 B.R. at 161 (denying mandatory remand because of "administrative urgency" to move chapter 11 plan forward and "state law claims directly impact the bankruptcy estate"). Here, Ms. Yitzhak has admitted that she would not be in federal bankruptcy proceeding but for Mr. Kahlon's Judgment against her and that she would withdraw the bankruptcy case if she prevailed on the Motion to Vacate. Because this close and undisputed relationship between the chapter 11 case and the resolution of the Motion to Vacate which the Court referred repeatedly during the premotion conference and to which Ms. Yitzhak had no response), remand is inappropriate under binding

10

Second Circuit law governing the timeliness factor, particular given the inordinate amount of time it took for the State Court to issue summary judgment in the underlying action and no state law issue is implicated by the Motion to Vacate.

If and when Ms. Yitzhak comes forward with arguments on why she meets the requirements for mandatory abstention, Mr. Kahlon will seek leave to file an appropriate response.

C.     **Permissive Abstention Does Not Apply**

Ms. Yitzhak also argues that permissive abstention applies to the Motion to Remand. This was the only argument advanced in her premotion conference letter. The argument was wrong then and it is wrong now.

Courts in New York look to the following factors to determine whether permissive abstention is appropriate: 1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y.1991); *see also Schumacher*, 429 B.R. at 405 (citing and applying the *Drexel* factors). There is a very strong presumption in favor of retention of federal jurisdiction and the movant seeking permissive remand faces a heavy burden of proof. *BGFI GP I LLC*, 626 B.R. at 162 and 165 (permissive remand is granted only in "limited circumstances.")

These factors overwhelmingly favor the retention of federal jurisdiction here. *First*, it cannot be disputed that resolution of the Motion to Vacate and whether Ms. Yitzhak is liable to Mr. Kahlon for the Judgment are central to the efficient administration of her bankruptcy case. Indeed, Ms. Yitzhak has admitted that she would not have filed for bankruptcy protection but for

11

the enforcement by Mr. Kahlon of the Judgment against her. *Second*, the Judgment under New York state law is final and non-appealable. The sole basis for Motion to Vacate is a federal legal question, the application of F.R.C.P. 13 to cross-claims against a co-party. The Motion to Vacate presents no state law issue, let alone the predominance of state law issues. And it goes without saying that federal judges are in particular well equipped to expeditiously interpret federal law and to weigh the appropriateness of sanctions if they determine the Motion to Vacate is frivolous as Mr. Kahlon contends that it is. *Third*, given this total absence of New York state legal issues and the presence of the sole federal question in the Motion to Vacate, comity points to retention of federal jurisdiction. *Fourth*, Ms. Yitzhak suffers no prejudice from the retention of federal jurisdiction. She voluntarily invoked the protection of federal bankruptcy court to address the Judgment. It is fair to require her to litigate the Motion to Vacate, which itself is premised entirely on federal procedural law, in the same federal forum that she invoked for bankruptcy protection.

To the extent that Ms. Yitzhak relies[1] on the *Breakell v. 3m Co.* decision for a discretionary remand, it is unavailing. The *Breakell* case actually shows why this matter should be retained in federal court. In *Breakell*, the state court action was removed under federal bankruptcy jurisdiction statute after some of the defendants in the state court action filed for bankruptcy. Critically, at the time of removal, the state court action was at the discovery stage with a trial scheduled several months away. The claims asserted in the state court action concerned solely questions of Connecticut state law, unlike here, where the Motion to Vacate turns entirely on federal law. Also unlike here, the removed state action in *Breakell* had at best a remote impact on the bankruptcy case. *See* ECF 8-2 at 5 (the state action "would not, by itself, have a significant impact on the

---

[1] Again, Ms. Yitzhak cites to *Breakell* only in the mandatory abstention section of her brief. In the permissive abstention of her brief, Ms. Yitzhak also cites to a purported "Werth Deci." but without providing a full citation. Undersigned counsel is not able to determine what case this citation refers to.

12

administration of the bankruptcy estate or proceedings"). Here, in sharp contrast, the Motion to Vacate is central to Ms. Yitzhak Chapter 11 case. Therefore, Ms. Yitzhak's strained apples-to-oranges comparison to a case in which the state court had yet to conduct a trial that would involve only state law questions fall flat.

During the premotion conference, Judge Chen has made it abundantly clear that argument for a permissive remand in this case is highly persuasive. Conference Transcript at 40-44 (stating that there is no basis to refrain from federal jurisdiction because the sole issue raised by the Motion to Vacate is a federal issue). Ms. Yitzhak does not respond to this in her Motion because there is no effective response.

### D. Equitable Remand Does Not Apply

Ms. Yitzhak also seeks equitable remand. But it is well established failure to establish eligibility for a discretionary remand necessarily dooms equitable remand as well. *In re Worldcom, Inc. Sec. Litig.*), 293 B.R. at 334 ("The equitable remand analysis, as the parties agree, is essentially the same as the Section 1334(c)(1) abstention analysis"); *Panthers Capital, LLC v. Jar 259 Food Corp.*, No. 22 CV 2674 (DG)(RML), 2023 U.S. Dist. LEXIS 37256, at *10-11 (E.D.N.Y. Mar. 6, 2023) (the analysis is "essentially identical.").

### CONCLUSION

The Motion should therefore be denied.

*/s/ Minyao Wang*
Minyao Wang
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Minyao.Wang@lewisbrisbois.com
77 Water Street, Suite 2100
New York, NY 10005
Tel: (212) 232-1300

David Haft
**LEWIS BRISBOIS BISGAARD & SMITH LLP**

13

David.Haft@lewisbrisbois.com
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Tel: (954) 828-0357
*Counsel for Plaintiff Yossef Kahlon*

14