# EXHIBIT A

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JOSSEF KAHLON, et al.,              ) Civil Action
                                    ) No. 24-5383 (PKC)
              Plaintiffs,           )
                                    ) PREMOTION CONFERENCE
    vs.                             ) (via videoconference)
                                    )
ERICA T. YITZHAK, et al.,           ) Brooklyn, New York
                                    ) Date:  October 24, 2024
              Defendants.           ) Time:  2:30 p.m.
_____

TRANSCRIPT OF PREMOTION CONFERENCE
HELD VIA VIDEOCONFERENCE BEFORE
THE HONORABLE JUDGE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
_____

A P P E A R A N C E S

For the Plaintiffs:        David H. Haft, Esq.
                           Lewis Brisbois Bisgaard & Smith, LLP
                           110 SE 6th Street, Suite 2600
                           Fort Lauderdale, Florida  33301
                           954-728-1280
                           (appeared via Zoom videoconference)

For the Defendants:        Lloyd J. Weinstein, Esq.
                           The Weinstein Group, PC
                           6800 Jericho Turnpike, Suite 112w
                           Syosset, New York  11791
                           516-802-5330
                           (appeared via Zoom videoconference)

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.
_____

Court Reporter:            Annette M. Montalvo, CSR, RDR, CRR
                           Official Court Reporter
                           United States Courthouse, Room N375
                           225 Cadman Plaza East
                           Brooklyn, New York  11201
                           718-804-2711

2

```
1              (Proceedings commenced at 2:30 p.m., in open court,
2    via videoconference, with the Court and attorneys appearing
3    via Zoom, to wit:)
4              THE COURT:  Good afternoon, everyone.
5              Fida, I'm ready.
6              THE COURTROOM DEPUTY:  Civil cause for pre-motion
7    conference, Docket 24-CV-5383, Kahlon, et al., v. Yitzhak, et
8    al.
9              Before asking the parties to state their appearance,
10   I would like to state the following:  Persons granted remote
11   access to proceedings are reminded of the general prohibition
12   against photographing, recording, and rebroadcasting of court
13   proceedings.  Violation of these prohibitions may result in
14   sanctions, including removal of court-issued media
15   credentials, restricted entry to future hearings, denial of
16   entry to future hearings, or any other sanctions deemed
17   necessary by the court.
18             Would the parties please state their appearances for
19   the record, starting with plaintiff.
20             MR. HAFT:  Good afternoon.
21             David Haft, H-a-f-t, from Lewis Brisbois on behalf
22   of the plaintiff.
23             THE COURT:  Good afternoon.
24             MR. WEINSTEIN:  Your Honor, this is Lloyd Weinstein,
25   appearing on behalf of the defendants.
```

3

1       Good afternoon.

2       THE COURT:  Good afternoon to you, Mr. Weinstein.

3       So we are here in connection with the premotion

4   conference request of defendant Yitzhak, who wishes to file a

5   motion to remand this matter back to state court, and there

6   wants to seek to vacate a judgment that was previously issued

7   in the state court action.

8       I wanted to talk to the parties because this is a

9   situation where I can pretty readily forecast how I'm going to

10  rule on this motion, and I think that I'd like to give the

11  parties a benefit of my thoughts on it, to see if I might, in

12  this instance, persuade defendant not to file that motion.

13      And I also want to clarify with you, Mr. Weinstein,

14  it is just the individual defendant Ms. Yitzhak and not her

15  law firms, which are also defendants, that is moving to

16  remand?  Not that this necessarily makes a difference, but I

17  am just curious as to why it's down as just a potential motion

18  from her.

19      MR. WEINSTEIN:  I am not sure why it is listed like

20  that.  If I was unclear in the letter motion, then that error

21  lies with me, but it is for all of the defendants.

22      THE COURT:  All right.  Now, my understanding --

23  yes.  Go ahead.  Did someone say something?

24      All right.  I thought I heard someone try to

25  interject.

4

1          Okay.  So this is a motion that I'm -- that's going

2     to be filed on behalf of all defendants.  And the reason,

3     Mr. Weinstein, I wanted to tell you that I don't think you

4     should file this motion is because the issues seem pretty

5     straightforward, although the procedural history is not, but

6     my understanding is that this is a lawsuit brought by

7     plaintiffs Kahlon, K-a-h-l-o-n, and Atlas Solar Holdings,

8     seeking to -- well, this is a case that was brought basically

9     to try to enforce the judgment reached in the state court

10    action.

11          Now, Ms. Yitzhak has moved for bankruptcy or filed

12    for bankruptcy, ostensibly, it seems, to protect and prevent

13    the foreclosure sale or the seizure of her Manhattan apartment

14    so that it can be used to satisfy the judgment in the state

15    court action.

16          So there's obviously a very close nexus between the

17    bankruptcy action and what is the relief that's being sought

18    here, namely to collect on the judgment by forcing the sale of

19    this apartment of Ms. Yitzhak.  Yet you argue that I should

20    remand this current federal case under the notion of equitable

21    remand.  And I just want to, I guess, take a step back and

22    confirm that both parties seem to assume that I have

23    jurisdiction over this matter as a removed matter, presumably

24    based on its relation to a federal bankruptcy matter.

25          Am I correct in assuming that, Mr. Haft, first, and

5

1  then Mr. Weinstein.

2         MR. HAFT:  Yes, Your Honor.  We asserted this court

3  has jurisdiction in our removal papers as well as our

4  opposition letter as well.  Not only is it related to the

5  pending bankruptcy, the central issue, as we see it, is the

6  interpretation of Federal Rule of Procedure 13.  So we believe

7  it is strictly a federal issue.

8         THE COURT:  Okay.  And, Mr. Weinstein, I didn't see,

9  at least in the letter you filed, any contesting of

10  jurisdiction.  Is that accurate?

11         MR. WEINSTEIN:  It's accurate that it is not in the

12  letter, but it is not accurate in that the defendants

13  respectfully submit that the Court does not have jurisdiction

14  in connection with this.

15         THE COURT:  You don't think I have related

16  jurisdiction given the pending bankruptcy matter?

17         MR. WEINSTEIN:  I do not believe that this is

18  necessarily a court proceeding as the bankruptcy court might

19  interpret that phrase, and I do believe that there are --

20  there's both a mandatory and permissive abstention either

21  which would apply in this case.  Given that courts can only --

22  rather, matters can only be removed to federal court when the

23  federal court has original jurisdiction over the matter, if we

24  look at the underlying matter itself, it is a lawsuit grounded

25  in malpractice.  It is a state court action of *Kahlon v.*

6

1    *Yitzhak*, which the federal courts would not have had original

2    jurisdiction over.

3              THE COURT:  I think again -- oh.  Go ahead.  Sorry.

4              MR. WEINSTEIN:  I'm sorry, Your Honor.

5         I was to going say there's further argument about

6    the application which is made many, many years after the

7    commencement of the action, and, curiously, in this instance

8    is made by the plaintiff, not the defendant.  Most removals,

9    Your Honor is aware, is done by defendant looking to create

10   some sort of balance in the litigation.  In this instance it

11   is the plaintiff who is the movant, and it is the plaintiff

12   who is the movant only after a motion was filed in state court

13   that had already been considered by the bankruptcy judge.

14             So it seems to me it's a somewhat circular motion.

15   And apologies for overspeaking, Your Honor.

16             If the matter is removed, if Your Honor consents to

17   accept jurisdiction and then honors the request that this

18   matter be transferred into the Southern District, and then

19   somehow moved into the bankruptcy court, which is where it

20   started, the bankruptcy judge himself said let the state court

21   action decide.  It seems to me that it is not a good use of

22   Your Honor's valuable time.

23             THE COURT:  Well, I will -- starting with your last

24   point, first, I tend to agree with you that this may not be

25   the most efficient or practical way to proceed since it's

1  possible, although I can't predict that for sure, that the

2  bankruptcy court might decide when it finally has jurisdiction

3  to lift the stay, as you suggest, and then let the state court

4  decide the vacatur motion.  But there's still procedural rules

5  that apply here, and the first one is that I think I have to

6  make an assessment of whether I have jurisdiction over this

7  matter that has been removed to me in this court, and then

8  there will be other issues about whether there's equitable

9  remand required here, or at least that I should exercise my

10  discretion in that regard, and then, obviously, the question

11  about transfer of venue.

12          But I think as a legal matter, or, rather, I have to

13  address the legal issues first, putting aside what may be the

14  practical reality because that's not what really drives my

15  analysis here or should be considered to drive my analysis.

16          And I have to disagree with you about your

17  assessment of whether this is -- or whether or not there's

18  mandatory abstention required here.  Because this matter --

19  and it is interesting because I have addressed this precise

20  issue in a wholly different context involving a legion of

21  lawsuits brought against the Rockville Archdiocese based on

22  alleged sexual assault crimes, going back many years.  And I

23  and a number of judges had to deal with the fact that those

24  cases brought in state court be removed here to the federal

25  court while there was a bankruptcy proceeding pending.  And

8

1   there I found that I still had related-to jurisdiction, but

2   that mandatory abstention was appropriate.

3           Here, I don't think it's the case because those were

4   cases where the Diocese, who is the bankrupt party, the

5   debtor, was not involved in any of the state court actions.

6   Here you have almost a unity of parties because it is your

7   clients who are involved in the state court action that they

8   lost, and it is really because Ms. Yitzhak, or she declared

9   bankruptcy, I should say, the heart of her bankruptcy action

10  has to do with the attempted seizure and sale or forced sale

11  of her apartment to satisfy the judgment.

12          So I think this is quite different.  I think,

13  actually, it's pretty clear that the judgment that's being

14  sought and the related foreclosure action, or whatever the

15  proper term is, I guess seizure and foreclosure action, forced

16  sale, is at the core of the bankruptcy proceeding, and made so

17  by your client.  She's filing bankruptcy, she said herself, to

18  prevent the plaintiffs from seizing it and using it to satisfy

19  the judgment that plaintiffs won in the state court proceeding

20  below.

21          So I disagree with you about your analysis, not that

22  you raised it in your letters, you say, but assuming you would

23  have to brief that as well, I can forecast for you that I

24  would disagree with you on that point and find that I have

25  related-to jurisdiction with respect to this matter, and that

9

1    I wouldn't have to stay, rather, that permissive abstention

2    could apply, but I wouldn't exercise that, and I don't think

3    mandatory abstention applies here or is warranted.

4           So, again, this is really just to give you an idea

5    or predict for you how this is going to turn out because I

6    really have in front of me everything I need, like many

7    motions to dismiss and similar motions like this, for example,

8    to remand, I know all the facts I need to know.  This is

9    obviously very different than something like a summary

10   judgment motion.

11          So that is how I see the law applying, and

12   especially because, and you make this argument in terms of the

13   equitable remand part of the analysis, that the state court

14   could decide this application of Rule 13, which is a federal

15   rule, and that I should allow the state court to do that.

16          Now, as you both know and have set forth in your

17   letters, equitable remand has a number of factors to consider.

18   Certainly one of them has to do with what the issue is going

19   to be and whether or not perhaps it is a uniquely state law

20   predominant issue.  That's not the case here.  And, again, I

21   can tell you that your argument about the application of Rule

22   13 in terms of whether the -- and I'm saying plaintiff in this

23   case, whether the plaintiffs in this case were required to or

24   was mandatory for them to bring what you call counterclaims,

25   but are actually cross claims, against the defendants in this

10

1   case here in the state court proceeding.  And the law is well

2   established that cross claims aren't -- or aren't mandatory or

3   subject to a mandatory requirement.  They don't have to be

4   brought at the time of the relevant action.  Here it would be

5   the initial state court action.  And, in effect, it happens a

6   lot that cross claims are brought out after a judgment is

7   filed because that's when the right ripens, if you will, or

8   the need for a remedy might ripen for the cross claiming.

9          So I'm curious about your argument about a

10  counterclaim.  Clearly, I don't know if it's a typo or if you

11  have some theory under which Ms. Yitzhak would be a

12  counterclaimant against -- or either way.  But the plaintiffs

13  here, Kahlon and Atlas Solar, would be counterclaimants

14  against Ms. Yitzhak in a case where they were both all

15  defendants.  And that's the initial state court action.

16         MR. WEINSTEIN:  I --

17         THE COURT:  Sorry, the second state court action.

18  My apologies.

19         MR. WEINSTEIN:  A few -- I'm going to answer Your

20  Honor's question, but just a few important points where I

21  think there -- the Court needs to be aware of these facts.

22         The first is is that in the bankruptcy petition

23  itself, Ms. Yitzhak's counsel already did make a motion to

24  lift the stay, specifically as to this motion to vacate the

25  judgment.  And the Court at -- let's see.  It's ECF 35.  And

11

1    in the bankruptcy, it's actually quoted in my letter, the

2    judge writes:  The automatic stay is hereby modified to permit

3    Kahlon to file any and all pleadings he deems necessary or

4    appropriate to oppose debtor's renewal and re-argument motion,

5    and the debtor's efforts seeking vacatur of the judgment.

6            So as an initial matter, this issue has been raised

7    in the bankruptcy court.  Now, arguably, the efforts to remand

8    the matter from state court into federal court exceed the

9    authority that was granted by the bankruptcy judge.  The judge

10   was very specific about what the parties could and could not

11   do, and opposing the motion does not mean removing the matter

12   to federal court.

13           But separate from that, the judge --

14           THE COURT:  Let me ask you one question.  The stay

15   went into effect -- that was after this was removed here,

16   correct?

17           MR. WEINSTEIN:  No.  The stay was in effect before

18   this matter was removed.

19           THE COURT:  Okay.  So your argument is that the

20   plaintiffs here acted contrary to the stay by removing it to

21   federal court.

22           MR. WEINSTEIN:  Correct.

23           THE COURT:  All right.

24           MR. WEINSTEIN:  It goes beyond the scope -- I'm

25   sorry, Your Honor.  It goes beyond the scope of authority that

12

1    the bankruptcy judge granted.

2          And then continuing on in the Court's order, the

3    judge wrote:  Other than permitting the debtor, which is

4    Ms. Yitzhak, to prosecute the renewal and re-argument motion,

5    and to seek to vacate the judgment, and to permit Kahlon to

6    oppose such motion, and this is the important part, for the

7    state court to rule on the renewal and re-argument motion, the

8    automatic stay remains in effect.

9          So what had happened was Ms. Yitzhak's counsel in

10   the bankruptcy matter moved the Court to lift the stay in a

11   very limited fashion to allow the state court to review and

12   hear and determine the underlying motion, and to allow

13   Mr. Kahlon to oppose that motion in state court.

14         So two important takeaways from that interpretation.

15   One is this removal exceeds the authority granted by Judge

16   Bentley at that time, and, two, the bankruptcy court, which is

17   Mr. Kahlon's ultimate destination, according to the letter in

18   opposition, has already ruled that it wants the state court to

19   hear this particular motion.

20         Now, continuing -- I'm sorry, Your Honor.

21         THE COURT:  Let me pause here for one second because

22   I want to hear from your opposing counsel on the notion that

23   their motion to remove this case, which was in July of 2024,

24   was actually contrary to the stay granted by the bankruptcy

25   court.  And that was, I think, at the beginning of July.

13

1   Actually, maybe earlier than that.

2           So what about that idea?  Is the remand itself

3   your -- sorry, removal motion itself invalid because you

4   weren't supposed to do anything with respect to the state

5   court proceeding?

6           MR. HAFT:  Certainly, Your Honor.

7           I must respectfully disagree with Mr. Weinstein's

8   whole analysis here.  As a starting point, the fact that this

9   judgment predated the filing of the bankruptcy, which on the

10  date of filing created the automatic stay.

11          That's what was the subject of the motion for

12  relief.  Bankruptcy counsel filed to take action outside of

13  the four corners of the bankruptcy court's jurisdiction under

14  362.  There was no opposition filed.  Merely the bankruptcy

15  court's order provides that a debtor with the ability to

16  pursue her own motion to vacate in state court.  It in no way

17  has a preclusionary effect as to my client pursuing his

18  available remedies under whatever federal statutes may be

19  afforded to him.

20          As Your Honor --

21          THE COURT:  Let me -- I am going to ask you to back

22  up, only because I need to catch up a little bit with you

23  folks on the actual timing of things.

24          So Ms. Yitzhak filed her Chapter 13 petition on

25  April 19, 2024, right?

14

1          MR. HAFT:  Yes, Your Honor.

2          THE COURT:  And then the stay went into effect when?

3          MR. HAFT:  Contemporaneously on the filing.

4          THE COURT:  All right.  So it --

5          MR. HAFT:  It stopped -- I'm sorry, Your Honor.  It

6    stopped the marshal sale that was scheduled for at or around

7    that exact time on the co-op shares.

8          THE COURT:  But you argue that it didn't stop your

9    client as participant in the state court action from seeking

10   to remove it.

11         MR. HAFT:  Correct.  That is absolutely correct,

12   Your Honor.

13         THE COURT:  Because, and this is maybe my lack of

14   understanding, a stay could -- I mean, certainly in federal

15   court it stops all actions.

16         Does the bankruptcy stay not affect the state court

17   action in the same that it does any pending federal matters?

18         MR. HAFT:  No.  It actually does exactly the same

19   way.  So it stayed my client's enforcement of its judgment and

20   the corresponding marshal sale.  Ms. Yitzhak moved for stay

21   relief to try to vacate the state court judgment outside of

22   bankruptcy, but in no way does that affect my client's rights

23   to enforce this judgment, other than the fact that it is

24   stayed by 362, and under the bankruptcy code.  Nothing about

25   that bankruptcy court order has any impact whatsoever on my

15

1  client's ability to seek removal under the appropriate lines

2  of jurisdiction, which we've done here.  There's been nothing

3  even argued in opposition.  The fact is, a bankruptcy order

4  under Mr. Weinstein's analysis would have the global effect of

5  precluding any type of removal going forward, and that would

6  be an absurd result under these circumstances, or under any

7  circumstances, for that matter.

8        THE COURT:  Mr. Weinstein, what are you relying on

9  to argue that the stay precluded plaintiff in this case from

10  removing?

11        MR. WEINSTEIN:  The rule regarding the automatic

12  stay at Section 362 stays everything.  It is not stays these

13  kinds of cases, but not those kinds of cases.  It doesn't stay

14  these kinds of motions or other kinds.  It stays everything.

15  And the only way to get outside of that stay is to seek the

16  permission of the bankruptcy court.  And that is what

17  Ms. Yitzhak did.  She sought the Court's permission, and

18  although counsel is indicating that there was no opposition

19  that was filed, I am going to respectfully disagree, his

20  counterpart did appear in bankruptcy court and made an oral

21  argument in opposition to the stay, and argued for certain

22  rights, in fact, wanted to cross move for sanctions, and

23  argued in front of Judge Bentley that they were entitled to

24  that right, and the judge granted it and said, you can file

25  for sanctions.  That's not part of my citation here because it

16

1   is not relevant to what we're talking about.  But then the

2   judge was very clear in what else was allowed.

3          And in the very short list of items that were

4   allowed, meaning lifting the stay for the purposes of the

5   state court hearing the motion, and allowing Mr. Kahlon to

6   file opposition and his cross motion, everything else is still

7   stayed, pursuant to statute.

8          So I'm going to respectfully disagree with counsel.

9   I believe that nothing needs to be proven by Ms. Yitzhak to

10  demonstrate that the stay remains in effect.  The stay is only

11  lifted as to those items that I just identified.

12         THE COURT:  We have a fundamental disagreement here

13  about the provision and what it stays and what it doesn't.

14         It's obviously clear, and everything agrees, it

15  stays a state court action from going forward, in and of

16  itself.  For example, the plaintiff was precluded from seeking

17  to enforce the action.  But beyond that, it's not clear -- I

18  mean, obviously, you folks disagree about whether or not it

19  precludes a party from seeking to remove the matter to federal

20  court.

21         Do you have a case cite, Mr. Weinstein, or something

22  more?  And I am actually trying to pull up the statute itself.

23  Give me one second.

24         (Short pause.)

25         MR. WEINSTEIN:  Judge, in this moment, if I can just

17

1    advise the Court, counsel had indicated that there was no

2    opposition to the motion, and I indicated that there was.  I

3    just want to point out opposition was filed on June 10, 2024,

4    and the certificate of service is actually from Mr. Haft.  So

5    I am not quite sure why counsel indicated that there was no

6    opposition.  There certainly was.

7            But having said that, the Court's order, I am just

8    looking for our copy of it in front of me, I would say is the

9    document itself, that -- I now have it in front of me -- that

10   spells out the entirety of what Mr. Kahlon is permitted to do.

11   And that was filed -- it is Document No. 28 in the bankruptcy.

12           Oh, sorry, Your Honor, I'm misspeaking.  It is pages

13   4 and 5 of Document 28.  Let me see if I can get the actual

14   document itself.

15           MR. HAFT:  Your Honor, if I could just chime in real

16   quick, if you'll permit me.

17           What I think I'm hearing from Mr. Weinstein, and

18   maybe this is your interpretation as well, it seems to be that

19   he is suggesting that this is somehow a violation of the

20   automatic stay --

21           THE COURT:  Right.

22           MR. HAFT:  -- which would be a bankruptcy court

23   issue.  That wouldn't have any effect on this Court's analysis

24   as to jurisdiction whatsoever.

25           THE COURT:  Well, I mean, yeah, it is an interesting

18

1  question, though.  I think it's the cart before the horse.

2  His argument seems to me, although it's slightly, I think,

3  different than what he argued in the letter, is that your

4  client, or your removal in the first place, is invalid or

5  shouldn't have even been done, putting aside whether I had

6  jurisdiction or not, because your clients were allowed to do

7  anything relating to the state court matter, and that would

8  include trying to remove it here, he argues, while the stay

9  was in effect, which we all agree preceded the removal.

10        So I am looking at the statute now, 362, and you're

11  right that it's bankruptcy law we're talking about here.  But

12  the automatic stay does have an effect -- certainly it has an

13  effect on matters before me, right, that I have jurisdiction

14  over, and the question is does it also preclude bringing

15  matters to place them before me, assuming I have jurisdiction

16  for the moment or could have jurisdiction over them.

17        And so the first provision, which is 362(a)(1),

18  basically says that these are the things that are stayed, and

19  one is that the commencements or continuation, and I am

20  reading ahead -- well, including the issuance or employment of

21  process of a judicial administrative or other action, or

22  proceeding against the debtor, and that would obviously be

23  Ms. Yitzhak, that was or could have been commenced before the

24  commencement of the case.

25        All right.  So this doesn't relate, I don't think,

19

1  because this is not something that could have been commenced
2  before the state court case -- I'm sorry, before -- let's see.
3  The case under this title.  So before the bankruptcy matter.
4  And I see (2) is enforcement against the debtor.  So that
5  obviously is why you couldn't enforce the state court
6  judgment.

7        But I think one is where it might be, if anywhere.
8  Here we go.  Number 8.  The commencement or continuation of a
9  proceeding.  No, that's Tax Court.

10        All right.  So I guess, again, Mr. Weinstein, I am
11 trying to figure out which part of 362(a) do you say would
12 have precluded or did preclude plaintiff from even filing a
13 motion to remove this, or, obviously, noticing the removal of
14 the state court case.

15        MR. WEINSTEIN:  Your Honor, I believe it is directly
16 in (a)(1), where it talks about including the issuance or
17 employment of process.  The removal of the matter is, in fact,
18 process.  It is not quite a motion to remove.  You have the
19 automatic ability to do it, assuming that jurisdiction has
20 been met.  It is not a motion, it is legal process.  And
21 362(a)(1) directly says you cannot do that.  And more to that
22 point, it is not listed as amongst the liberties that
23 Mr. Kahlon is permitted to engage in that the bankruptcy judge
24 permitted.

25        THE COURT:  Yeah.  As I said before, this is not, I

20

1    think, what I read in your letter.  So it's slightly different

2    than what I thought you were focusing on, which is this notion

3    of equitable remand.  Because it appeared to me in your letter

4    you were both assuming I had jurisdiction, and that really the

5    question is applying the standard for equitable remand.

6            I guess, quite honestly, I'd like to see some case

7    law that supports your position that somehow 362(a)(1), in

8    effect, deprives me of jurisdiction because plaintiffs weren't

9    permitted to remove this action in the first place or seek to

10   remove it.

11           MR. HAFT:  Your Honor, if I may, I would agree with

12   your assessment here.  It sounds like a completely different

13   argument.  But in any regard, if that's the position that the

14   defendant is taking here, I don't believe Your Honor's the

15   appropriate venue to make that determination.  It'd be a stay

16   violation issue that should be before the bankruptcy court.

17   But if we're traveling under the papers here, then certainly

18   our argument is the same that we've made previously this

19   afternoon, is that the court has jurisdiction.  This is an

20   equitable remand analysis and nothing further.

21           THE COURT:  Yeah.  Right.  It does seem to me that

22   that's correct.  I mean, I guess also Mr. Weinstein, although

23   not indicated in his letter, is disputing that I have

24   related-to jurisdiction in the first place.  But as I said

25   before, it's pretty clear to me that I do, and I also don't

1  think mandatory abstention applies here.  And now

2  Mr. Weinstein is adding a different argument, which is this

3  one we're debating now.

4        Now, I'm also trying to -- I don't actually think

5  the fact that the bankruptcy court lifted the stay for the

6  limited purpose of allowing Ms. Yitzhak and the other

7  defendant to move to vacate this court judgment, that that

8  affects my analysis.  Because as I said before, that is a

9  practical consideration, and I recognize it, that this may end

10 up at the bankruptcy court, and the bankruptcy court may tell

11 Ms. Yitzhak to go back to state court and attempt to vacate

12 the judgment against her, because that really is at the core

13 of her bankruptcy claim and will affect the rights and

14 liabilities in the bankruptcy proceeding.  That's very clear

15 to me, which is why I think I have related-to jurisdiction.

16       But the practical consideration is still not

17 relevant to the test that I apply in determining equitable

18 remand.  And everyone knows what those seven factors are.

19       MR. WEINSTEIN:  Judge, may I still be heard?  There

20 are a few other issues I wanted to --

21       THE COURT:  Yes.  Go ahead.

22       MR. WEINSTEIN:  Thank you.

23       So one of the issues or one of the, I guess,

24 comments that was made during the course of the day is that

25 this was done to stay enforcement, that the motion itself that

22

1    was filed was done to stay enforcement.  And, in fact, that's

2    not accurate.  And although there was an effort at the state

3    court level to stop the sale of Ms. Yitzhak's property, none

4    of that has anything necessarily to do with when she filed for

5    bankruptcy, and the protections that are automatically

6    afforded to her.  So if --

7              THE COURT:  Wait.  Why is that relevant, though?

8    I'm not sure I understand.  In other words, you're saying it

9    wasn't the fact that the plaintiffs were trying to get her

10   property to satisfy the judgment that caused her to file

11   bankruptcy.  But is that relevant?

12             MR. WEINSTEIN:  The answer is it is relevant to the

13   extent that it provides a little bit of background information

14   and is part of the timeline.  So just following the timeline,

15   you have the motion to vacate the judgment, then you have

16   Mr. Kahlon's accelerated efforts to enforce the judgment.

17   While the motion to vacate is pending, and while those

18   accelerated efforts are going on, Ms. Yitzhak opposes and then

19   ultimately must file for bankruptcy protection in order to

20   stop the sale of her residence.

21             Now, the argument, or, rather, an argument was made

22   before Judge Bentley by counsel for Mr. Kahlon where they

23   specifically argued saying we want this additional right.  For

24   example, we want the right to file a counterclaim seeking

25   sanctions.

1          So they had the opportunity at that moment to say --

2    because, Judge, the motion to vacate was pending, they had the

3    opportunity at that moment to say to the bankruptcy judge, you

4    should be hearing this motion.  But they did not.  And, in

5    fact, it was Ms. Yitzhak who said to the bankruptcy judge, you

6    should not be hearing this motion, and the bankruptcy judge

7    agreed.  And it's specifically in his order saying that the

8    motion should be determined by the state court judge.

9          So going back to my initial comment, if we do not

10   remand, and the matter stays in federal court, and Mr. Kahlon

11   then attempts to somehow transfer to the Southern District and

12   try to get into the bankruptcy court, the bankruptcy judge has

13   already ruled that the motion to vacate should be heard at the

14   state court level.

15         So if we go through that whole process that

16   counsel's suggesting by this application, all we really are

17   doing is going in a big circle and wasting a lot of federal

18   judge resources.

19         The bankruptcy judge -- bankruptcy rules under 362

20   are very clear.  Everything has to stop.  I mean, the whole

21   function of bankruptcy protection is to halt any kind of

22   process that is going on against a debtor so that they can

23   seek the protection of the Court.  And if you want to go

24   outside of that, whatever -- for whatever reason, you need the

25   bankruptcy judge's decision.  And that is what happened.  And

24

1   now this --

2           THE COURT:  Let me -- I'm so sorry.

3           MR. WEINSTEIN:  Of course.

4           THE COURT:  Why do you need to file this motion,

5   though, if, in fact, as you say, the bankruptcy court lifted

6   the stay to allow Ms. Yitzhak to file her motion to vacate?

7   Can't she still do that?

8           MR. WEINSTEIN:  The motion to file -- sorry.

9           The motion to vacate the judgment was filed well in

10  advance --

11          THE COURT:  Sorry.  I meant why can't the state

12  court judge go ahead and decide that, if, as you argue, the

13  stay has been lifted as to the state court proceeding?

14          MR. WEINSTEIN:  Oh, she can.  And, in fact, Judge

15  Gianelli was preparing to decide it, and that is when

16  Mr. Kahlon removed the matter to federal court.

17          THE COURT:  So who did you say the judge is in the

18  state court matter?

19          MR. WEINSTEIN:  It's Judge Sharon Gianelli.

20          THE COURT:  Okay.  So you're saying Judge

21  Gianelli -- has she said, oh, I can't rule on this because the

22  case has been taken out of state court?

23          MR. WEINSTEIN:  No, she has not said that, but

24  counsel for Mr. Kahlon has put Judge Gianelli on notice by

25  virtue of the removal, the state court has notice of the

25

1  removal, and Judge Gianelli is obviously aware of the import

2  of that.

3          THE COURT:  Well, assume for the moment I am not

4  going to agree with your interpretation of the stay and the

5  scope of it, just for the sake of argument.  Let's assume I

6  disagree with your reading of 362(a)(1) and say, in fact,

7  plaintiff could still seek to remove this because it is not

8  actually, I guess, violating the stay because the stay would

9  apply here in front of me.  In other words, other than

10 removal, nothing more could happen in the case, right?  While

11 the bankruptcy is proceeding.  It just puts it in a different

12 venue.

13         And assume further that I'm not agreeing with you

14 about my jurisdiction.  That, in fact, I find there's

15 related-to jurisdiction here, and there's no mandatory

16 abstention required.

17         Your assessment of the equitable remand facts is

18 what I would like to focus on for a moment.

19         Is your argument that the state court has already

20 been given permission to consider the vacating motion by

21 virtue of the bankruptcy court partially lifting the stay,

22 does that relate to any of the seven factors, and I guess

23 specifically I imagine you are going to argue it relates to

24 number one, which is the efficient administration of the

25 bankruptcy estate.

26

1          Are you making an argument that somehow if I

2    retained jurisdiction of this, it will somehow adversely

3    affect the efficient administration of the bankruptcy estate?

4    Because it seems to me, if I retain jurisdiction, and then I

5    transfer venue to Southern District, and then Southern

6    District quickly thereafter sends it to the bankruptcy court,

7    that is a fairly efficient way to deal with the bankruptcy

8    matter and the bankruptcy estate in its administration.

9          Would you agree or disagree with that?

10          MR. WEINSTEIN:  I would disagree with that,

11   Your Honor, because if we follow that process, then all we are

12   doing is giving back to the bankruptcy judge the very question

13   that was already answered.  The question was, which court

14   should hear the motion, and the bankruptcy court very clearly

15   said the state court.

16          So if we go through Your Honor's analysis and retain

17   jurisdiction and then transfer the Southern District and then

18   transfer to the bankruptcy court, we are going to be asking

19   the same question that was already asked in that court.

20          THE COURT:  But if the basis of your motion in state

21   court is going to be the application and interpretation of a

22   federal rule, why shouldn't that be done in federal court, in

23   bankruptcy court, in fact?

24          MR. WEINSTEIN:  Understood, Your Honor.

25          What we are talking about is New York state court's

27

```
1   interpretation of Federal Rule 13.  Not necessarily how the
2   federal courts --
3            THE COURT:  I don't mean to be dismissive, but is
4   that really relevant?
5            MR. WEINSTEIN:  It is, Your Honor, because you
6   started off earlier in this conference discussing that you
7   believed that Rule 13 might not necessarily apply because it's
8   a cross claim versus a counterclaim.  An argument at the state
9   court level can and has been made, that that's a difference
10  without much of a distinction, and that the concept of res
11  judicata should apply at the state court level, and that
12  concept is supported in the underlying motion to vacate.
13           THE COURT:  But you're saying the state court is
14  essentially reading the rules in a way that's contrary to what
15  they actually say?  I mean, Federal Rule 13 really -- hang
16  on -- doesn't support that interpretation, nor does federal
17  law, and somehow you are saying state courts are ignoring
18  federal precedent to say, no, you have to bring counter cross
19  claims at the same time that a case is ongoing, even though,
20  obviously, cross claims, I mean, you know, obviously could
21  only arise or at least the need to bring a case might only
22  arise after a party loses or a defendant loses.
23           MR. WEINSTEIN:  I am not suggesting, Your Honor,
24  that the state courts are ignoring the federal rules.
25           What I am suggesting is, is that the interpretation
```

28

 1    of Rule 13, and I'm just trying to get a copy of my memo in

 2    front of me so I can give you a citation --

 3                THE COURT:  Hang on one second.  I am looking at

 4    Rule 13 itself.  So the first section is entitled compulsory

 5    counterclaim.  And let's get back to how you call this a

 6    counterclaim in the first place.  I mean, I think,

 7    fundamentally, your argument is flawed.  Because how is it a

 8    counterclaim?  And are you going to tell me New York

 9    interprets the word "counterclaim" versus "cross claim" with a

10    different interpretation?

11                MR. WEINSTEIN:  Well, if you'll bear with me just a

12    moment.

13                I am looking right now at a New York state First

14    Department case -- and apologies, Your Honor.  Just pulling up

15    my brief, which was filed in March of this year, so.

16                THE COURT:  But can I ask you one question before

17    you pull that up?

18                MR. WEINSTEIN:  Of course.

19                THE COURT:  Have you always been characterizing this

20    as a counterclaim, that whatever could have been brought by

21    plaintiffs in this case against Ms. Yitzhak when they were all

22    codefendants is a counterclaim?  Has that always been your

23    argument?

24                MR. WEINSTEIN:  The argument has been -- with a

25    citation to the word claim, not counterclaim or cross claim.

29

1   And I have a particular citation from the state court which

2   references an unpleaded claim or defense.

3          So the state court, at least in this particular

4   instance, is not being as specific as counterclaim or a cross

5   claim.

6          THE COURT:  Okay.  But then you're not applying

7   Federal Rule 13.

8          MR. WEINSTEIN:  It's not that Federal Rule 13 is not

9   being applied, but rather it's import is being, at least from

10  the federal court rules perspective, expanded to include

11  claims, and not just counterclaims.

12         THE COURT:  But the case you're citing, it doesn't

13  say under Federal Rule 13 there's a general notion that claims

14  ought to be brought, whether cross claims or counterclaims, at

15  the earliest possible moment, therefore, we will bar future

16  lawsuits or follow-on lawsuits that fail to do so, or

17  something like that.  Because there's no -- it doesn't seem to

18  me that whatever state court rule you're citing or decision

19  you're citing is seeking to interpret Federal Rule 13 at all.

20  Tell me what the cite is.  I'm curious.

21         MR. WEINSTEIN:  Sure.  And in these moments I am

22  able to pull up a couple state court citations as well as

23  federal court citation.  So just starting with the state court

24  citation, which is a matter called *Gargiulo v. Oppenheim*.

25  It's 63 N.Y.2d 843.

30

1          THE COURT:  How do you spell Gargiulo?

2          MR. WEINSTEIN:  G-a-r-g-i-u-l-o.

3          THE COURT:  Okay.

4          MR. WEINSTEIN:  And it reads:  The claimed

5    preclusion doctrine bars subsequent litigation where -- and

6    here it gives instances -- 1, the prior action resulted in an

7    adjudication on the merits.  We have that.

8          Number 2.  The prior action involved the plaintiff

9    or those in privity with her.  We have that as well.

10          And, number 3, the claims asserted in the later

11    litigation were or could have been raised in the prior action.

12          And that citation also is in *Monahan v. NYC*

13    *Department of Corrections*, that's 214 F.3d 275.  It is a

14    Second Circuit 2000 case.

15          So I believe that the argument in state court can be

16    made that the interpretation of Rule 13 is not limited just to

17    counterclaims -- not just to counterclaims, but to claims that

18    could have been previously asserted.

19          And the brief goes on to cite several other cases

20    where matters that had been reduced to judgment were

21    considered and then vacated.  There's New York state court

22    cases as well as federal cases with this argument.

23          So when Your Honor indicated your initial perception

24    of the motion, defendants are going to respectfully disagree

25    in this instance, citing, for example, *Paramount Pictures*

31

1    *Corp. v. Allianz Risk Transfer*.  It's 216 NY Slip Op 05618.

2            It says:  Based on the foregoing, we conclude that

3    the later assertion in a state court action of a contention

4    that constituted a compulsory counterclaim in a prior federal

5    action between the same parties is barred under the doctrine

6    of res judicata.

7            THE COURT:  But, again, stop for a second, though.

8    That's a counterclaim.  So, yes, that's consistent with what

9    Rule 13 said.  You are talking about a cross claim.  Can we at

10   least agree on that?

11           MR. WEINSTEIN:  Correct, Your Honor.  And doing this

12   a little bit on the fly, not anticipating that I was going to

13   be arguing this underlying motion, I am going through the

14   brief and trying to find the citations that are specific to

15   this, that the take away is that New York courts look at it as

16   claims that could have been made that were not raised.  And

17   that would include counterclaim or cross claim.  Even though

18   Federal Rule 13 says counterclaim.

19           THE COURT:  Okay.  The only thing, Mr. Weinstein,

20   you say you are not prepared to argue this.  But your letter

21   says specifically you are going to make an argument in terms

22   of vacating this state court judgment, or maybe have already

23   made that argument, since the motion has been filed by you or

24   another lawyer, that because of Federal Rule of Civil

25   Procedure 13, the cross claims should have been made at the

32

1   time of the underlying state court action.  I say underlying,

2   but the original state court action.

3          But now you're saying, really, there's some state

4   court, largely what seems to be state court law concept that

5   any claims that relate to the subject matter between the same

6   parties or involving the same parties should have been

7   brought -- and let me back up.  Involving the same parties,

8   regardless of which side they're on.  So it seems like it

9   could be cross claims or counterclaims, should have been

10  brought at the same time as the original action, and,

11  therefore, they are barred in some later action.  That's

12  essentially what you're saying.  And the effect of that would

13  be to say, from the outset, that the 2016 action that

14  Mr. Kahlon and Atlas brought against Ms. Yitzhak for

15  malpractice should have been brought at the time that the,

16  what is it, 2012 lawsuit was brought.

17         Is that right?

18         MR. WEINSTEIN:  No.  And if I -- I do want to

19  respond, but I just sort of want to sort of make a correction.

20         I'm certainly prepared today, Your Honor, to have

21  this discussion.  What I did not have in front me was the

22  brief and the specific citations.  So, I'm sorry, I spoke

23  confusingly.

24         The answer to Your Honor's question is that because

25  Ms. Yitzhak and Mr. Kahlon were codefendants simultaneously in

33

1  the underlying action, Mr. Kahlon could have brought those

2  claims against Ms. Yitzhak.  And at least from the cases that

3  are cited in my underlying brief and the motion to vacate,

4  courts -- New York state courts have interpreted that to mean

5  claims that could have been brought are precluded.

6         THE COURT:  Right.  But as cross claims.  I mean,

7  what troubles me is that what you wrote in your letter is you

8  keep calling them counterclaims, and we agree that they are

9  not.  And you also say this principle then is supported by

10  Federal Rule of Civil Procedure 13, which I would agree with

11  you, if they were counterclaims, no question.  They are

12  mandatory in terms of being brought or compulsory in terms of

13  being brought at the time of the underlying claims.  Or the

14  related claims.

15        But now you're saying you're relying really on some

16  other line of cases that suggest that any kind of claims,

17  cross claims or counterclaims that relate to the transactions

18  at issue, must be brought at the same time.  And, I mean,

19  again, I am just reading your letter.  This is not a Federal

20  Rule 13 issue, as far as I can tell.

21        Now, the only reason I am pressing you on this is it

22  does effect this equitable remand argument that you are going

23  to make.

24        But, again, going back, I guess, a few minutes ago,

25  it seems to me now the motion you're proposing isn't quite the

34

1    same one that you suggested in your letter that you intend to

2    argue.  It seems to me in the first instance that I don't have

3    jurisdiction, either because the stay precluded plaintiffs

4    from even removing this action to federal court or, second,

5    because I don't have related-to jurisdiction and/or mandatory

6    abstention applies.  And then if we get through all that, you

7    would argue equitable remand requires this matter to be

8    remanded because of this notion that all claims, whether cross

9    claims or counterclaims, that relate to the original action or

10   arise out of the same transactions, should be or must be

11   brought at the same time.

12          Have I sort of summarized what it is you now -- or

13   maybe have always wanted to argue in your motion?

14          MR. WEINSTEIN:  Yes, Your Honor.

15          THE COURT:  All right.  Mr. Haft, did you want to

16   respond?  Because I feel, unfortunately, I need to see a

17   little bit more about these issues in order to make a sensible

18   decision, so there might have to be some briefing, even though

19   I think it is not a good use of anybody's time.  Because I

20   think the goal for both sides is to simply get to see if the

21   judgment can be enforced, even if it is in the context of the

22   bankruptcy action.  So either in state court or in the

23   bankruptcy action.

24          The one other question I want to ask you,

25   Mr. Weinstein, before hearing from Mr. Haft, is this argument

1  you are making now about the claims -- I am going to use my

2  own -- or I'm going to paraphrase it by saying all the related

3  claims, whether cross claims or counterclaims, should have

4  been brought at the time of the original lawsuit when the

5  plaintiffs and the defendants in this case were on the same

6  side, is that an argument you made or whoever was representing

7  Ms. Yitzhak and her law firms made when the original 2016

8  litigation was brought?  Is it --

9              MR. HAFT:  No.

10             THE COURT:  -- after the --

11             MR. HAFT:  No.

12             THE COURT:  Okay.

13             MR. WEINSTEIN:  It was not previously made.

14             THE COURT:  So haven't you waived it?

15             MR. WEINSTEIN:  I don't believe that it's been

16 waived.  I don't believe that the claim or the preclusionary

17 effect of considering a claim that should have been brought is

18 waived if not raised in the federal court.  That's exactly why

19 there are so many state court cases that particularly tackle

20 this issue.

21             THE COURT:  No, no.  I think you misunderstood my

22 question.  I meant, wasn't this issue you are now making about

23 cross -- I'm sorry, cross claims, I am going to call them that

24 because that's what they are, that they should have been

25 brought before the judgment was issued, were they ever

36

1   raised -- I mean, I guess you wouldn't know about them.

2   That's right.  I guess the argument wouldn't arise until after

3   the judgment was issued and after this lawsuit was filed.

4        MR. WEINSTEIN:  Correct, Your Honor.

5        THE COURT:  Yeah.  That's fair enough.  Okay.

6   Disregard that.

7        All right.  So, Mr. Haft, do you have any response,

8   now that I think we both have a slightly fuller understanding

9   of all the arguments Mr. Weinstein intends to make in

10  defendant's motion.

11       MR. HAFT:  I do, Your Honor.  I don't think there's

12  any applicable legal authority to support the position, and I

13  think in our papers we make pretty compelling arguments with

14  respect to Rule 13(g), which provides for the bringing of

15  cross claims, in addition to the fact that the cross claim

16  doesn't come into fruition, as the cause of action itself

17  doesn't exist until after the initial judgment.

18       So even presupposing that a cross claim could have

19  been brought at that time, it doesn't change the fact that a

20  cross claim is never compulsory as a matter of law under

21  federal law.  And we cite to the *Priority Records v.*

22  *Bridgeport Music*, 907 F. Supp. 725, a Southern District New

23  York case from 1995, which references back to exactly what I

24  am saying here.

25       We think it's on all fours.  We don't really think

37

1    there's much of an argument here.  The term "cross claim," as

2    Your Honor's pointed out throughout this afternoon hearing, is

3    a distinct concept from a counterclaim.  Which we would agree,

4    if this was a counterclaim and they are on opposite sides of

5    the "V" in the underlying litigation, Mr. Weinstein's argument

6    would probably be spot on.  But that is not the case here.

7            THE COURT:  Yeah.

8            Let me go back for a minute, too, because this

9    procedural history is so convoluted.  I must confess, I think

10   I either misunderstood and/or misstated the history in posing

11   the question I did just a moment ago to you, Mr. Weinstein.

12   Because when I asked you why didn't you raise this argument

13   before, there actually was -- your argument is that the

14   malpractice claim should have been brought earlier by Kahlon

15   and Atlas, which would have been a cross claim against

16   Ms. Yitzhak.  But the history is that Ms. Yitzhak represented

17   plaintiffs in Kahlon and Atlas in a 2012 state court action

18   against two third parties that aren't relevant here.

19           The plaintiffs claim that Ms. Yitzhak's

20   representation was woefully deficient, and that's what they're

21   alleging in the state court case which was filed in 2016.

22           So I guess what I'm trying to understand, and I

23   apologize, I am getting a little lost in this procedural

24   history.  So when was it that the plaintiffs, Kahlon and

25   Atlas, should have raised the malpractice claim?

38

1          MR. WEINSTEIN:  Once again, Your Honor, you are

2   asking me a question that I do want to answer, but I do want

3   to say one thing first.

4          THE COURT:  Yes, okay.

5          MR. WEINSTEIN:  When you said that you got lost in

6   the procedure here, that actually is one of the reasons

7   supporting the remand.  Judge Gianelli has been with this case

8   for quite some time, is familiar with the parties, the

9   underlying motion practice.  The very detailed and convoluted

10  history of the case.

11         So from the perspective of looking at it as

12  conserving judicial resources and the obvious learning curve

13  that's required in order to understand this case, I would

14  submit that that supports the remand.

15         Now, going back to Your Honor's question, the answer

16  is when Mr. Kahlon should have asserted this is as a cross

17  claim in the course of the litigation in which he and

18  Ms. Yitzhak were codefendants.  That's when it had been

19  asserted, but it was not.

20         THE COURT:  But hang on a second.  That would be in

21  the May 2013 lawsuit filed by Lambe, L-a-m-b-e, and Sunray,

22  S-u-n-r-a-y, all one word, so Lambe and Sunray, when they

23  filed that lawsuit here in the Eastern District of New York, a

24  federal case, against Kahlon, Atlas, and Yitzhak and her law

25  firms, that's when you say the cross claims should have been

39

1  raised by Kahlon and Atlas against Yitzhak and her law firms.

2  So that is a Federal Rule 13 issue.

3         You can't rely on state court interpretation.

4  Because that's when you're saying, and that's what you wrote

5  in the letter, now that I am unravelling this again, that's

6  why I think you relied on Federal Rule 13, that's what you are

7  going to argue to the state court, I think, that somehow the

8  follow-on lawsuit brought in state court by Kahlon and Atlas

9  to sue for malpractice should have been brought

10 contemporaneously in the Lambe Sunray lawsuit, let's call it

11 that, in 2013.

12        So this is necessarily a Federal Rule 13 issue.  You

13 cannot rely on state court language about claims in general,

14 whether cross claims or counterclaims.  You cannot escape the

15 fact what you have to invoke is a federal rule.

16        So now that I am sort of refocusing on the exact

17 procedural history and when you say that this claim should

18 have been raised, which is a cross claim, I don't see how you

19 escape the analysis being a federal analysis of a federal rule

20 of procedure.  And, again, this is what I think -- why I think

21 you wrote the letter as you did.  I think you were correct.

22        MR. WEINSTEIN:  The underlying action was brought in

23 state court, and the judgment is a state court judgment that

24 was issued against Ms. Yitzhak based on the claims of

25 Mr. Kahlon.

40

1          THE COURT:  Right.

2          MR. WEINSTEIN:  That is --

3          THE COURT:  You are trying to argue vacating based

4    on a federal rule, i.e., they should have brought in the

5    federal case under Federal Rule 13.  That's what you want the

6    state court to interpret, and I think that's why it cuts the

7    other way.  It is more appropriate and proper for this court

8    to decide what should have been raised in a federal case in

9    this court.  In this very district.  That's why I think this

10   notion that somehow the state court should interpret what the

11   federal rule requires, especially as applied in a state

12   court -- sorry, in a federal action in this court is

13   incorrect.  That's improper.  I mean, not improper, but I

14   don't think that that doesn't weigh towards equitable remand,

15   it weighs away from it, if anything.  Because, remember, one

16   of the factors is the extent to which issues of state law

17   predominate, and they don't predominate here.  It is strictly

18   a question, your whole argument about vacating, depends on the

19   interpretation of a federal rule that would apply in federal

20   court.  Not in state court.

21         MR. WEINSTEIN:  Understood.  I understand what

22   Your Honor is saying.  When the action was originally brought

23   in state court, and the enforcement was going on, and

24   Ms. Yitzhak filed her motion to vacate, then had to file for

25   bankruptcy, the underlying claims by Mr. Kahlon against

41

1   Ms. Yitzhak was a state court matter.  It was only after

2   Ms. Yitzhak filed for bankruptcy, after the motion to lift the

3   stay that was filed by her, and after the judge gave a very,

4   very limited authority to take action concerning this claim,

5   that Mr. Kahlon then removed the matter to federal court and

6   is now arguing it's a federal court enforcement matter, but

7   it's not.  It was a state court matter, and the reason why the

8   motion to vacate the judgment is, it's a state court judgment.

9            So I do --

10           THE COURT:  No, no, no, no.  None of what you said

11   is correct to me.

12           I don't think he's trying to convert the nature of

13   this -- or, rather, let me say this:  I don't think the core

14   analytical issue, being one of federal law and interpreting

15   federal procedural law, is affected by Mr. Haft removing this

16   matter to federal court.  It started off that way, and you are

17   making it that way in the state court.  Because where the

18   claimed cross claim should have been brought, you argue, is in

19   the federal lawsuit by Sunray and the other -- Lambe.

20           You made -- you're making this argument -- and this

21   is actually going back to my other question.  You are making

22   this argument to try to vacate a state court order for

23   malpractice.  But, again, at core, you cannot escape the fact

24   that this would require the state court in addressing your

25   motion to decide an issue of federal procedural law.

42

 1              Should the plaintiffs have -- let me refer to them

 2      by name.  Should Kahlon and the company cross claim at that

 3      time, was it mandatory for them to cross claim in the federal

 4      lawsuit by Lambe and Sunray when it was ongoing.  That's the

 5      basis of your argument in the state court.  And you could have

 6      made that argument to move to dismiss the state court action

 7      for malpractice, now that I'm going back to the other

 8      question, before the judgment was issued.

 9              And I confused myself, admittedly, by saying, no,

10      the judgment had to issue.  But that's not correct.  In fact,

11      you could have raised this argument before judgment was

12      reached in the malpractice action.  That the whole case should

13      have been thrown out, is your argument, because they had an

14      obligation to raise the malpractice against Ms. Yitzhak when

15      the federal lawsuit was ongoing as a Federal Rule 13(g) cross

16      claim.  It is not mandatory, but still.  Okay.

17              MR. WEINSTEIN:  That's why there is a pending

18      lawsuit of Ms. Yitzhak against her former attorney, who failed

19      to, in fact, make that argument.

20              THE COURT:  Okay, fine.  But it doesn't change what

21      the bottom line is, and that's sort of an interesting point.

22      I think it means you'll probably lose in the state court maybe

23      for that reason, and she can go off and sue her other lawyer,

24      but I don't think you're going to win in the state court, but

25      more fundamentally, I don't think the state court should be

43

1    deciding that issue.

2           It's a federal law issue, if I am talking about

3    equitable remand.  Again, as I said at the outset, I

4    understand what might be the most efficient, if you will,

5    which is simply remand and let the state court judge decide

6    that.

7           But the issue is, if I have jurisdiction, which I

8    find that I do, the question is should I remand based on an

9    equitable remand or under an equitable remand doctrine, and I

10   don't think so, because I actually think that Federal Rule 13

11   issue shouldn't -- or doesn't weigh in favor of equitable

12   remand.  But the only issue I'm somewhat hung up on is this

13   notion that somehow even the removal itself was in violation

14   of a stay.  And that could serve to deprive me of

15   jurisdiction, I think, theoretically.

16          But I don't know enough about that issue, and no

17   one, obviously, has really -- or no one has addressed it in

18   these two letters.  So that requires some briefing, I think.

19          The other issues, as far as I'm concerned, will not

20   go in your favor, Mr. Weinstein.  In other words, if I get

21   past the issue of finding that the removal itself was proper,

22   then, as I said at the outset, the way I predict the other

23   issues will go is I will find I have jurisdiction, I will find

24   that abstention isn't mandatory, and I won't find that

25   equitable remand is warranted.  Largely for the reason that I

44

1    said, and the other factors.  And we can -- we don't need to

2    talk about those at any length.  But the majority of those, I

3    think, go against you with respect to equitable remand.  There

4    really is no state law issue at play here.

5            You may have a malpractice lawsuit against her

6    lawyer under the state law case, or state court action,

7    rather, but that doesn't affect my analysis.

8            Mr. Weinstein?

9            MR. WEINSTEIN:  Thank you, Your Honor.

10           Just to be clear, it's not that I'm suggesting that

11   the New York state court needs to interpret the federal law,

12   but, rather, what I'm suggesting is that New York courts have

13   already determined, when considering Rule 13, and not

14   necessarily Rule 13 as a federal rule, but the concept of res

15   judicata, that New York state courts have been interpreting

16   that to say claims that could have been brought are now

17   precluded.

18           So although Rule 13 is cited because that's sort of

19   the providence of the could have and should have been brought,

20   New York state courts are looking at it from a perspective of

21   claims.

22           So the issue of res judicata is really at the heart

23   of what the motion to vacate is, and it's not necessarily an

24   interpretation of the Federal Court Rule 13.

25           THE COURT:  Mr. Weinstein, res judicata means there

45

 1   was a ruling.  There was no ruling.  It wasn't raised.  And I

 2   think you're only highlighting for me that it would be

 3   improper for the state court to apply some general principle

 4   about claims that could have been raised, an early point,

 5   therefore, lost or waived, when, in fact, they were in federal

 6   court.  All of the parties were in federal court, and what

 7   governed in federal court is -- and still governs, I think,

 8   this issue is Federal Rule 13.

 9          The codefendants, but now the plaintiffs, Kahlon and

10   the company, Atlas, didn't have an obligation or were not

11   required to bring their malpractice cross claims against

12   Ms. Yitzhak when they were in federal court.  So I don't

13   see -- and then they should be permitted to bring a

14   malpractice lawsuit under federal law.

15          Now, I'm not sure how a state court judge could then

16   just say, well, they are precluded here in state court because

17   they could have brought this claim -- this malpractice claim

18   earlier, even though they were in federal court at the time.

19          I mean, they are bringing it when they decided to

20   bring it, which is a valid claim, wasn't barred by federal

21   law.  So I don't understand the notion of could have been

22   brought earlier.

23          Because if she's interpreting Federal Rule 13

24   correctly, I mean, I guess you could say it could have been

25   brought earlier.  I take that back.  But it certainly wasn't

46

1    required to.

2            It just troubles me that you want to try to have the

3    state court judge decide an issue that I think depends on a

4    proper interpretation of Federal Rule 13.

5            That being said, I recognize that your argument may

6    trump whatever Federal Rule 13 does and does not require, if

7    you think there's some over or some superseding or governing

8    principle that preempts any application of federal law, when a

9    party decides to bring malpractice action in state court.

10           Although it's interesting to me that your own

11   client, Ms. Yitzhak, is bringing a state court malpractice

12   case against -- no, I guess they weren't parties then.  She's

13   just bringing -- never mind.

14           MR. WEINSTEIN:  It's in federal court.  That

15   malpractice claim is in federal court, Your Honor.

16           THE COURT:  All right.

17           MR. WEINSTEIN:  And just --

18           THE COURT:  Disregard that rumination.  I understand

19   what you are saying.  I just would be surprised if the state

20   court could decide that because the malpractice claim could

21   have been brought simultaneously, even though the federal

22   rules would not have required it to be brought simultaneously,

23   that somehow they are now barred from arguing malpractice

24   after they lose in that case.  But --

25           MR. WEINSTEIN:  I think that the intent --

47

1    Your Honor, I'm saying res judicata.  I guess I'm not having

2    res judicata and collateral estoppel travel together when I'm

3    saying that.  Meaning, the claims that Mr. Kahlon could have

4    brought in federal court should have been brought there and --

5    Your Honor's shaking your head no.

6              THE COURT:  Well, because the concept of res

7    judicata and collateral estoppel assume some kind of a ruling,

8    either on a claim or an issue, or on the case as a whole.  So

9    that's the problem I am having with your analysis.  It's more

10   of a waiver issue, if anything, but it is not res judicata,

11   it's not collateral estoppel.  That's why I am shaking my

12   head.  I think that's a misunderstanding or a misapplication

13   of those terms.

14             I am not saying you might not be right, I just would

15   be surprised if a state court could come along and say in a

16   federal lawsuit or Federal Rule 13, didn't require the parties

17   on the same side of a case, here defendants and their lawyer,

18   from bringing cross claims based on malpractice, would bar

19   them in a state court action thereafter, or then they decide

20   they want to file for malpractice.  It just seems like that

21   must happen.

22             I shouldn't say that, actually, because, obviously,

23   they are all being sued on one side of it, it's a slightly

24   different situation.  But nonetheless, I'd be surprised that

25   somehow the state court wouldn't be convinced that somehow if

48

1    they didn't have a requirement of bringing it in the federal

2    case, that now they should be barred from bringing it

3    separately in the state court action.

4          But I don't make the state law, and I would be

5    surprised if it would be applied in that context and in that

6    way.

7          MR. WEINSTEIN:  Well, that's the thrust of the

8    underlying motion itself, which was provided to the bankruptcy

9    judge.  And I go back to the other argument of the appropriate

10   administration of justice.  By doing -- we sort of went

11   through this analysis.  I'm sorry I'm repeating.  By keeping

12   the removal, doing the transfer, and then to the Southern

13   District, and then somehow getting it into bankruptcy court,

14   we are asking the bankruptcy judge to answer a question that

15   has already been answered, which is, stay is lifted so that

16   the state court can render a decision.

17         And I understand Your Honor's interpretation of Rule

18   13.  The argument at the state court level is being made, that

19   because this claim could have been raised, it is now barred.

20   And there is case law that is in support of that, and that's

21   why the underlying motion was made in state court.

22         THE COURT:  Right.  But let me say this.  I mean, to

23   the extent that you resuscitate or revise or reiterate some of

24   the cases you relied on in the motion to vacate, those all

25   relate to counterclaims.  So, again, the question, you know,

49

1   is cross claims.  And that's a difference under federal law,

2   and it seems to me it should still be a difference in the

3   state court, where the defense is they are suing us for

4   malpractice, this is a cross claim that should have been

5   brought when the attorney was on the same side of the "V" as

6   the plaintiffs suing for malpractice.

7           And so I just think your analysis is sort of

8   muddled.  But I don't -- like I said, if there's such a case

9   that stands for the proposition you're citing relating to

10  cross claims, because you have only cited to cases relating to

11  counterclaims in your letter, and I think that's a very

12  different analysis, if you are talking about a case that was

13  litigated first in federal court, from which the malpractice

14  lawsuit arises.

15          At any rate, I guess I'm convinced not for the

16  reasons that you are arguing, although I do want to see more

17  of the case law, I am more convinced that the briefing should

18  go forward, just so I can get more clarification on this

19  notion that somehow the case couldn't or shouldn't have been

20  removed by plaintiffs because of the stay that was in place

21  and how to read 362(a)(1).

22          So why don't we set a briefing schedule.  Obviously

23  brief whatever issues you feel are appropriate with respect to

24  this remand that you're seeking.

25          I have tried to give you my preliminary view,

50

1  although I don't think it is going to change much on the

2  issues about jurisdiction and equitable remand.  But you

3  should obviously make whatever arguments you think you need to

4  make, Mr. Weinstein.

5       How much time do you need to put your motion

6  together?

7       MR. WEINSTEIN:  Is 30 days acceptable to the Court?

8       THE COURT:  Yes, that's fine.  30 days.  And then

9  you'll have 30 days to respond, Mr. Haft.

10      Mr. Haft, could you enter an appearance in this

11  case?  Because I know that the original letter was written by

12  Mr. Wang.

13      MR. HAFT:  Yes, Your Honor.  I believe I am lead

14  counsel on the docket.

15      THE COURT:  You are.  Okay, good.

16      MR. HAFT:  Yes, ma'am.

17      THE COURT:  Okay, good.  You'll have 30 days from

18  then, and then two weeks for a reply.

19      Ordinarily I'd ask you folks to hold off on filing

20  them and wait until the reply is due to file your motion and

21  response, or rather just serve each other in the interim, but

22  here I'd like to resolve this issue sooner rather than later.

23  So go ahead and file, Mr. Weinstein, on the first date, and

24  then file your response, Mr. Haft, on the second.  And then

25  the reply will be on the third date.

51

1          So, Fida, can you give me 30, 30, and 14.

2          THE COURTROOM DEPUTY:  30 days from today takes us a

3    little over 30, because it lands on a Saturday, so November

4    25.

5          30 days from November 25 takes us --

6          THE COURT:  Let's kick it to the beginning of the

7    new year since we have two holidays in there.

8          MR. WEINSTEIN:  Judge, may I ask -- I'm sorry to

9    interrupt.

10          Given -- I realize I said 30 days, but that falls

11    just before the Thanksgiving holiday where there's a lot of

12    preparations and travel.

13          Would it be okay to ask for a little additional time

14    just so I'm not -- you know, I can spend the holiday with my

15    family.

16          THE COURT:  Sure.  So --

17          THE COURTROOM DEPUTY:  December 2.

18          THE COURT:  Perfect, Fida.  I was going to say, the

19    28th, I think, is Thanksgiving.

20          THE COURTROOM DEPUTY:  December 2 --

21          THE COURT:  December 2, sorry, Fida, for the opening

22    motion.  And then --

23          THE COURTROOM DEPUTY:  January 6.

24          THE COURT:  -- January 6.  And January 20 for the

25    reply.

52

1          Sorry, Fida, if I spoke over you.

2          THE COURTROOM DEPUTY:  That's okay, Judge.

3          THE COURT:  All right.  So we'll set that forth in

4    the minute entry, but just instead of what we call bundling

5    here, just serve each other and file -- or rather, file, and

6    then that will operate as service on each other.  Okay?

7          MR. WEINSTEIN:  Yes, Your Honor.  Thank you.

8          MR. HAFT:  Thank you.

9          THE COURT:  Thank you.

10          Mr. Haft, I didn't give you a chance to respond in

11    any other way.  Did you want to?

12          MR. HAFT:  No, Your Honor.

13          THE COURT:  Okay.  Thanks, everyone.  I appreciate

14    it.

15          MR. WEINSTEIN:  Thank you, Your Honor.

16          MR. HAFT:  Thank you, Your Honor.

17          (Proceedings concluded at 3:54 p.m.)

18                          *  *  *  *  *

19                      **REPORTER'S CERTIFICATE**

20          I, ANNETTE M. MONTALVO, do hereby certify that the
21    above and foregoing constitutes a true and accurate transcript
      of my stenographic notes and is a full, true and complete
22    transcript of the proceedings.

23          Dated this 4th day of November, 2024.

24    /s/Annette M. Montalvo
      _____
      Annette M. Montalvo, CSR, RDR, CRR
25    Official Court Reporter