UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YOSSEF KAHLON a/k/a JOSSEF KAHLON            Case No.: 24-cv-05383
and ATLAS SOLAR HOLDINGS, LLC,

                          Plaintiffs,

      -against-

ERICA T. YITZHAK, THE LAW OFFICES
OF ERICA T. YITZHAK and
ERICA T. YITZHAK, ESQ., P.C.

                       Defendant(s).
-------------------------------------------------------------------X


**REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND**


                                     Respectfully submitted,

                                     THE WEINSTEIN GROUP, P.C.
                                     LLOYD J. WEINSTEIN, Esq.
                                     6800 Jericho Turnpike, Suite 112W
                                     Syosset, New York 11791
                                     Telephone: 516-802-5330
                                     Facsimile: 516-802-5332
                                     ljw@theweinsteingroup.net

Defendants respectfully incorporate their prior submission into this Reply in support of the motion to remand the matter to State Court. While the opposition is rife with insults, it cannot get around the undisputed fact that this issue was, by operation, already considered by the Bankruptcy Court.

Southern District of New York Bankruptcy Judge Philip Bentley modified the automatic stay "to permit the Debtor to proceed with her Renewal and Reargument Motion and to seek vacatur of the judgment in the State Court Action…." ECF 35, p 1. Contrary to the argument raised in the opposition, the Order need only state what is permitted, and need not rule out other activities with specificity. The Order was previously attached as **Exhibit A**. Judge Bentley's Order was mindful of the claims of the creditors as well, as the Order continues "the automatic stay is hereby modified to permit Kahlon to file any and all pleadings he deems necessary or appropriate to oppose the Debtor's Renewal and Reargument Motion and the Debtor's efforts seeking vacatur of the judgment…." ECF 35, p 2. Again, that is all that the Order allowed. It allows the Debtor to oppose the motion and does not allow the Creditor to remove the matter to federal court.

Lastly, the Court was very clear to carve out where the motion to vacate would ultimately be decided. The Court Ordered: "other than permitting the Debtor to prosecute the Renewal and Reargument Motion and seek to vacate the judgment and to permit Kahlon to oppose such motion and <u>for the state court to rule on the Renewal and Reargument Motion</u>, the automatic stay remains in effect." ECF 35, p 2 (emphasis supplied). As in any Order, Judge Bentley advised the only actions that

were permitted. Of course, this means that any action taken except for those actions enumerated in the Order should have been stayed by the automatic stay. This would include the removal of the matter to Federal Court and the effort to *somehow* transfer the matter from the Eastern District Court to the Southern District Court to the Southern District Bankruptcy Court. Plaintiff never explains how the foregoing multiple transfers could be accomplished or if there is even a mechanism for the same.

As noted above, Defendants incorporate the content of the underlying motion herein, and will focus below only on those issues which were raised in the motion to remand but ignored by the opposition.

It is undisputed that the original action was a State Court action resulting in a State Judgment, for which there was no original Federal jurisdiction. Civil actions brought in state court may be removed to this Court "only if the federal courts have original jurisdiction over the matter." Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC, 2011 WL 4965150, at *2 (S.D.N.Y. Oct. 10, 2011) (citing 28 U.S.C. § 1441(a)). The Judgment in question is a State Court Judgment and the Federal Courts did not and would not have jurisdiction over the underlying malpractice claims. This burden of original jurisdiction must be met by the party seeking removal, andthis was not addressed in Plaintiff's opposition. In re Village of Kiryas Joel, N.Y., 2012 WL 1059395, at *2 (S.D.N.Y. Mar. 29, 2012) ("On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating the removal was proper. If the removing party fails to meet this burden, the case must be remanded.")

When the state court action was originally brought, removal to federal court was sought. 16-cv-3364-LDW-AKT. The late Hon. Wexler granted Plaintiff's motion to remand for the reasons set forth therein and denied the removal of the matter to Federal Court in the Eastern District of New York on September 5, 2017, 16 -cv-3364-LDW-AKT, ECF No. 16. A true copy of this Order is attached hereto.

Now, Plaintiff is seeking relief which this Court previously determined Defendant was not entitled to have, as the issues to be resolved were state court issues.

As was set forth in the underlying motion, addressing those factors to be considered when an application for remand has been made, the Court is asked to balance the federal interest in efficient bankruptcy administration against the interest of comity between the state and federal courts.

Movant will not repeat the arguments set forth in the underlying motion except to correct the unsupported assertion that State Court Judge Sharon Gianelli, who has familiarity with the facts and circumstances of the matter, having managed the same over the last several years, is able to carry out Judge Bentley's instruction to issue a decision on the motion to vacate. In fact, Judge Gianelli's determination, whatever it may be, will aid in the effective administration of the bankruptcy estate because there are no bankruptcy laws that are addressed in the underlying state action. It is also undisputed that the resolution of the Plaintiff's claim in State Court will only affect the amount of distributions available to the Debtor's claimants/creditors if Plaintiff's judgement against Defendant is vacated.

The opposition is silent to the assertion that the Creditors removed the matter seeking to transfer it to a different District's Bankruptcy Court serves no valid bankruptcy purpose, nor does it respond to the undisputed fact that the State Court matter involves numerous non-debtor parties. Plaintiff's opposition is additionally silent regarding the delay in the removal of the matter (triggered only by Defendant's motion to partially lift the stay). If this matter were truly supposed to be determined at the federal level, the (a) Plaintiff should have brought the action originally in federal court and/or (b) Plaintiff should have sought removal at the time the motion to vacate was originally filed which was March 21, 2024. Plaintiff has no response to this argument. The mere filing of a bankruptcy by Defendant does not automatically create federal jurisdiction over state court matters.

## CONCLUSION

Based on the foregoing, and for those reasons set forth in the underlying motion, Plaintiff respectfully requests the Court enter an order remanding the matter to the State Court for adjudication as originally directed by Judge Bentley.

Dated:   January 20, 2025
         Syosset, New York

>                         Respectfully submitted,
>
>                         THE WEINSTEIN GROUP, P.C.
>
>                         LLOYD J. WEINSTEIN, Esq.
>                         6800 Jericho Turnpike, Suite 112W
>                         Syosset, New York 11791
>                         Telephone: 516-802-5330
>                         Facsimile: 516-802-5332
>                         ljw@theweinsteingroup.net