

Minyao Wang
77 Water Street, Suite 2100
New York, New York 10005
Minyao.Wang@lewisbrisbois.com
Direct: 646.989.9428

January 27, 2025

**VIA ELECTRONIC SERVICE**

The Honorable Pamela K. Chen
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Kahlon et al. v. Yitzhak et al.*, Case No. **24-cv-05383-PKC-LGD**

Dear Judge Chen:

    We represent Plaintiff Jossef Kahlon in the above-entitled action.  We write with regard to the Reply Memorandum of Law filed by Defendants on January 20, 2025, *see* Dkt. 12 ("Reply") which, rather than addresses the points of law raised in Plaintiff's opposition,[1] contains wholly new (and in Plaintiff's view, entirely meritless) arguments that Defendants failed to previously raise in their opening brief, *see* Dkt. 10-1 and, to which Plaintiff has not had an opportunity to respond.  By way of example, Defendants assert for the *first time* that a decision by Judge Wexler to remand the state court litigation back in 2017, some ***seven*** long years before Ms. Erica Yitzhak ever commenced her bankruptcy case, somehow has some bearing on the issue of whether this bankruptcy court has jurisdiction over the instant matter that was timely and properly removed by Plaintiff to this Court (*see* reply page 4, first paragraph).  As another example, Defendants assert that "Plaintiff should have sought removal at the time the motion to vacate was originally filed which was March 21, 2024." (*see* Reply, page 5, second to last sentence).

    Plaintiff respectfully moves to strike all new arguments raised on the Reply on the "well established" principle "that [a]rguments may not be made for the first time in a reply brief" *Alvarez v. Experian Info. Sols., Inc.*, 661 F. Supp. 3d 18, 23 (E.D.N.Y. 2023); *see also Equal Employment Opportunity Commission v. Visionpro Networks, Inc*., No. 24-MC-00356 (JMA) (JMW), 2024 U.S. Dist. LEXIS 137641, at *35 (E.D.N.Y. Aug. 2, 2024) ("It is well settled that a district court is free to disregard argument raised for the first time in reply papers") (internal citation omitted); *Alausa v.*

---

[1] By way of example, Plaintiff submitted that Defendants failed to address the factors concerning *mandatory* remand and abstention under controlling Second Circuit law and cited only one (1) case that dealt with *permissive* remand and abstention.  *See* ECF No. 11 at 7-11, Defendants entirely ignored this issue in the Reply.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND •MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
151637138.1

January 27, 2025
Page 2

*Monterey Fin. Servs., LLC*, No. 22-CV-3814 (PKC) (LB), 2023 U.S. Dist. LEXIS 166609, *18 (E.D.N.Y. Sep. 19, 2023) (declining to consider argument raised for the first time on reply because such argument was deemed waived).

In the alternative, to the extent the Court is not inclined to summarily strike Defendants' Reply and the improperly raised new arguments set forth therein, Plaintiff requests the opportunity to submit a three-page sur-reply by **February 7, 2025**. This extended timeline is warranted because undersigned counsel observes the Lunar New Year, which begins on January 28, 2025. Plaintiff intends to concisely show, if granted leave to file a sur-reply, that Defendants' new contentions on the Reply are entirely meritless.

We thank Your Honor for her consideration of this request.

Very truly yours,

/s/ Minyao Wang

Minyao Wang of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

MW