UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOSSEF KAHLON, *et al*.                    Case No. 24-cv-05383-PKC

                Plaintiff,

   vs.

ERICA T. YITZHAK, *et al*.

               Defendants.
---------------------------------------------------------X

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300
*Attorneys for Plaintiff*

152282051.2

Pursuant to the leave granted by the Honorable Pamela K. Chen, Plaintiff Jossef Kahlon respectfully submits this sur-reply in response to Defendants' January 20, 2025 Reply.

## ARGUMENT

The Reply evades issues that are dispositive under Second Circuit law for a motion to remand pursuant to 28 U.S.C. §§ 1334 and 1452, the bankruptcy jurisdictional and removal statutes. The Reply goes down highly dubious paths to distract attention from controlling law. Defendants mainly contend that a state court action can be removed under §§ 1334 and 1452 only if there was federal jurisdiction under 28 U.S.C. § 1441 at the time the state court action was filed. This position is, like many positions taken by Defendants here, frivolous. The Constitution grants Congress the authority to "establish uniform Laws on the subject of Bankruptcies throughout the United States." *See* U. S. Const. Article I, § 8, cl. 4. Exercising this power, Congress enacted § 1334 to provide (a) original and exclusive federal jurisdiction over all cases under the Bankruptcy Code, 28 U.S.C. § 1334(a), and (b) original but non-exclusive federal jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Nothing in the statute or the decisional law remotely suggests that bankruptcy jurisdiction is dependent on diversity of citizenship or the existence a federal law question as set forth in § 1441. The Supreme Court has instead instructed that bankruptcy jurisdiction is extremely broad. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) ("Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate" and stating in particular that "'related to' language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simply proceedings involving the property of the debtor or the estate."). Bankruptcy jurisdiction is "fairly capacious, and includes [even] 'suits between third parties which

152282051.2   1

have an effect on the bankruptcy estate.'" *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018). Courts thus routinely find bankruptcy jurisdiction over state cases for which there was no § 1141 jurisdiction at the time such cases were brought. *See Rising Tide Nat. Mkt., Inc. v. Applied Sys. Mktg., LLC*, 2024 U.S. Dist. LEXIS 110821, at *4 (E.D.N.Y. June 24, 2024) (for a pre-bankruptcy state case that was removed to bankruptcy court "[t]he parties do not contest that this Court has jurisdiction over the case pursuant to section 1334"); *Panthers Capital, LLC v. Jar 259 Food Corp*, 2023 U.S. Dist. LEXIS 37256 (E.D.N.Y. Mar. 6, 2023) (finding § 1334 bankruptcy jurisdiction over a state case that was filed before bankruptcy and denying motion to remand).

Defendants' fundamental misapprehension (whether genuine or feigned) about the scope of federal bankruptcy jurisdiction has prompted them to dwell on irrelevant issues. Defendants reference a remand decision by Judge Wexler dated September 5, 2017. Mr. Kahlon commenced the underlying malpractice case against Ms. Yitzhak in state court in 2016. Ms. Yitzhak then unsuccessfully attempted to remove to this Court pursuant to § 1441. Judge Wexler determined that Ms. Yitzhak's removal was **both** untimely **and** lacked an objective basis because § 1441 jurisdiction was clearly absent. Judge Wexler therefore not only granted Mr. Kahlon's motion to remand, **but also awarded fees against Ms. Yitzhak** because her attempted removal under § 1441was not in good faith. This decision, entered some seven years before the filing of Ms. Yitzhak's bankruptcy petition, which triggered federal jurisdiction under §§ 1334 and 1452, has no relevancy whatsoever except (respectfully but candidly) to show that Ms. Yitzhak has had a long and documented history of taking dubious and sanctionable legal positions. In the same vein, Defendants fault Mr. Kahlon for not attempting to remove to this Court as soon as Ms. Yitzhak's Motion to Vacate was filed on March 21, 2024 in state court. This is again nonsense. There was no federal jurisdiction on that date to permit removal because Ms. Yitzhak had yet to file for

152282051.2  2

bankruptcy. Mr. Kahlon effectuated removal under §§ 1334 and 1452 after Ms. Yitzhak filed for bankruptcy on April 19, 2024, which created the federal jurisdiction that permitted such removal.

During the pre-motion conference, Judge Chen asked defense counsel if he had "a case cite . . . or something more" for his position that the automatic stay precluded removal (Tr. 16:21-21). He was not able to provide such a case cite then, nor in his opening and reply briefs. Counsel repetitively refers to a generic order signed by Judge Bentley lifting the stay to permit Ms. Yitzhak to proceed with the Motion to Vacate. However, nothing in that order precludes Mr. Kahlon from removing the Motion to Vacate to this Court. Nor could such an order legally achieve this effect. "Under the bankruptcy removal statute. . . any one party has the right to remove the state court action without the consent of the other parties." *Creasy v. Coleman Furniture Corp.,* 763 F.2d 656, 660 (4th Cir. 1985); *see also In re Boyer,* 108 B.R. 19, 23 (Bankr. N.D.N.Y. 1988) ("[i]f the requirements of the applicable removal statute are satisfied, ***the right to remove is absolute.***") (emphasis added). As detailed in the Opposition (ECF No. 11 at 5), the prevailing law in New York permits a plaintiff to remove a case in which the debtor is the defendant even while the bankruptcy automatic stay ***is in effect***. Mr. Kahlon effectuated removal ***after the stay was lifted*** and under the terms and conditions of Bankruptcy Rule 9027(a)(2)(B). His removal is therefore *a fortiori* proper. Defendants have ***no*** response to this argument upholding the propriety of removal.

## CONCLUSION

Federal bankruptcy jurisdiction clearly exists and Mr. Kahlon effectuated removal under §§ 1334 and 1452. As detailed in the Opposition and as Judge Chen stated during the pre-motion conference, the controlling factors overwhelmingly require denial of the Motion to Remand. Tellingly, Defendants do not even ***attempt*** to engage with relevant Second Circuit law on remand. The Motion to Remand must therefore be denied and Mr. Kahlon should be awarded fees and costs.

Dated: New York, New York
February 7, 2025

                                **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                /s/ Minyao Wang
                                Minyao Wang, Esq.
                                *Attorneys for Plaintiff*
                                77 Water Street, Suite 2100
                                New York, New York  10005
                                212-232-1300
                                Minyao.Wang@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

      Minyao Wang, an attorney duly admitted to practice before this Court, certifies that on February 7, 2025, he caused to be served and filed via ECF the Sur-Reply Memorandum of Law.

                                                    /s/ Minyao Wang
                                                      Minyao Wang