UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YOSSEF KAHLON a/k/a JOSSEF KAHLON
and ATLAS SOLAR HOLDINGS, LLC,

                          Plaintiffs,                    **MEMORANDUM & ORDER**
                                                                                24-CV-5383 (PKC) (LGD)

                          - against -

ERICA T. YITZHAK, THE LAW OFFICES
OF ERICA T. YITZHAK, and ERICA T.
YITZHAK ESQ. P.C.,

                          Defendants.
----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiffs Yossef Kahlon a/k/a Jossef Kahlon ("Plaintiff" or "Kahlon") and Atlas Solar Holdings, LLC ("Atlas") filed this legal malpractice action in New York Supreme Court, Nassau County, Index Number 601659/2016, against Erica T. Yitzhak ("Yitzhak") and her two law firms, the Law Offices of Erica T. Yitzhak, and Erica T. Yitzhak Esq. P.C., (collectively, "Defendants"). Kahlon and Atlas are former clients of—and now judgment creditors over—Defendants. After Yitzhak filed a Chapter 11 bankruptcy petition, now pending before the United States Bankruptcy Court for the Southern District of New York ("SDNY Bankruptcy Court"), Kahlon removed this action pursuant to 28 U.S.C. § 1452[1] and Federal Rule of Bankruptcy Procedure ("Rule") 9027. Presently before the Court is Defendants' motion to remand this case to state court, asserting that both mandatory and permissive abstention are warranted. For the reasons explained below,

---

[1] Atlas did not join in the removal and has not appeared before this Court. However, the rule of unanimity does not apply to cases removed via the Bankruptcy Code, so Atlas was not required to join in the removal. *See In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 330 (S.D.N.Y. 2003) ("It seems clear that [Bankruptcy Code] Section 1452(a) does not require the defendants' unanimous consent to removal.").

Defendants' motion to remand is granted. This case is remanded to New York Supreme Court, Nassau County, under Index Number 601659/2016.

## BACKGROUND[2]

In 2012, Defendant Yitzhak, a New York attorney, represented Plaintiffs Kahlon and Atlas as plaintiffs in an action filed in New York Supreme Court, New York County, Index Number 157465/2012, ("Initial State Action"). (Notice of Removal, Dkt. 1, ¶ 3.) The Initial State Action was dismissed without leave to amend. (*Id.*) In May 2013, the defendants named in the Initial State Action filed a federal lawsuit in the Eastern District of New York, Docket Number 13-CV-3126, ("Initial Federal Action"), against Kahlon, Atlas, Yitzhak, and Yitzhak's law firms, asserting tort and contract-based claims related to their conduct in the Initial State Action. (*Id.* ¶ 4.) A jury trial was held in the Initial Federal Action in January 2016, during which the plaintiffs settled their claims with Yitzhak and her law firms but not with Kahlon and Atlas. (*Id.* ¶ 5.) The jury returned a verdict awarding plaintiffs $1,000,000 in damages against Kahlon and Atlas. (*Id.*)

On March 11, 2016, Plaintiffs Kahlon and Atlas sued Defendants Yitzhak and her law firms in New York Supreme Court, Nassau County, for legal malpractice in connection with her representation in the Initial State Action, which Plaintiffs describe as "woefully deficient." (*Id.* ¶ 7; *see* Compl., Dkt. 1-1, at ECF[3] 4.) In September 2021, the state court granted Plaintiffs Kahlon and Atlas's motion for summary judgment, finding that Defendant Yitzhak had "failed to exercise the care, skill and diligence commonly possessed and exercised by a member of the legal

---

[2] The Court assumes the parties' familiarity with the underlying allegations and history of this case and, therefore, only recites the facts and procedural history relevant to Defendants' motion to remand.

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

profession," and that Defendants' misconduct proximately caused Kahlon and Atlas's $1,000,000 in losses from the Initial Federal Action. (Notice of Removal, Dkt. 1, ¶ 8; *see* Decision & Order on Summ. J., Dkt. 1-1, at ECF 323–40.) The state court entered judgment against Defendants on April 29, 2022, for $1,503,013.70. (Notice of Removal, Dkt. 1, ¶ 9; State Ct. J., Dkt. 1-1, at ECF 478–80.) Though Defendants sought to appeal the grant of summary judgment, they failed to perfect the appeal, and it was abandoned. (Notice of Removal, Dkt. 1, ¶ 10.)

On March 21, 2024, after Kahlon and Atlas sought to enforce the judgment by initiating an auction of Yitzhak's shares of her Manhattan apartment, Defendants moved to vacate the judgment asserting that Kahlon and Atlas were barred from filing this action because they were purportedly required to assert their malpractice claim against Defendants in the Initial Federal Action. (*Id.* ¶¶ 11–12, 14); *see Kahlon v. Yitzhak*, No. 601659/2016 (N.Y. Sup. Ct.), Dkts. 307–11. On April 19, 2024, Defendant Yitzhak filed a petition for relief under Chapter 13 of the Bankruptcy Code—later converted to a Chapter 11 proceeding—in the U.S. Bankruptcy Court for the Southern District of New York ("SDNY Bankruptcy Court"). (Notice of Removal, Dkt. 1, ¶¶ 17–18); *see In re Erica Itzhak*, No. 24-10669 (JPM) (Bankr. S.D.N.Y), Dkt. 1 (Chapter 13 petition), Dkt. 32 (order converting from Chapter 13 to Chapter 11 proceeding). The bankruptcy filing automatically stayed this action, including the motion to vacate and the auction of Yitzhak's apartment shares. (Notice of Removal, Dkt. 1, ¶ 17.) On July 1, 2024, the SDNY Bankruptcy Court granted Defendant Yitzhak's motion to partially lift the automatic stay to permit her to litigate the motion to vacate pending in state court. (*Id.* ¶ 19; Bankr. Order Modifying Stay, Dkt. 1-1, at ECF 560–61.)

On July 31, 2024, Plaintiff Kahlon removed the action to this Court pursuant to 28 U.S.C. § 1452(a) and Rule 9027. (Notice of Removal, Dkt. 1, ¶ 21.) Kahlon intends to seek

3

transfer of this matter to the Southern District of New York for referral to the SDNY Bankruptcy Court where Defendant Yitzhak's Chapter 11 petition is pending. (*Id.* at 1 n.1.) Defendants then moved for remand to state court, and Defendants' motion was fully briefed as of February 7, 2025. (*See* Dkts. 10–14.)

## DISCUSSION

Defendants move to remand this action to state court primarily on the grounds that mandatory abstention under 28 U.S.C. § 1334(c)(2) and permissive abstention under 28 U.S.C. § 1334(c)(1) are warranted. (*See* Defs.' Mem. Supp. Mot. Remand ("Defs.' Br."), Dkt. 10-1, at ECF 6–12.) Plaintiff Kahlon's position is that this matter is "core" to Yitzhak's pending Chapter 11 bankruptcy proceeding, and thus the Court need not, and should not, abstain. (Pl.'s Mem. Opp'n Mot. Remand ("Pl.'s Br."), Dkt. 11, at 6–8, 11–13.) Depending on the resolution of this motion, Kahlon ultimately seeks transfer and referral of this action to the SDNY Bankruptcy Court. (Notice of Removal, Dkt. 1, at 1 n.1.) In Defendants' reply brief, they further argue that this Court lacks subject matter jurisdiction over this action and that Plaintiff's removal was both untimely and violated the automatic stay.[4] (Defs.' Reply Supp. Mot. Remand ("Defs.' Reply"), Dkt. 12, at ECF 2–3, 5.) For the reasons explained below, the Court finds that it has subject matter jurisdiction over this action and that Plaintiff's removal was procedurally sound. However, because permissive abstention is warranted, this case is remanded to state court.

**I.    Federal Jurisdiction and Removal**

    **A.  Legal Standard**

---

[4] Defendants improperly raised these arguments for the first time in their reply brief, *see Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."), but the Court permitted Plaintiff to file a sur-reply, (*see* 1/28/2025 Dkt. Order).

4

Under 28 U.S.C. § 1452(a), which governs removal of claims related to bankruptcy cases, "[a] party may remove any claim or cause of action in a civil action," other than certain limited exceptions, "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Federal district courts have "original, but not exclusive jurisdiction" of civil proceedings "arising under" Title 11—the U.S. Bankruptcy Code—and those "arising in or related to" cases under Title 11. 28 U.S.C. § 1334. "The party seeking removal of an action from state to federal court bears the burden of proving federal jurisdiction." *In re Refco, Inc. Sec. Litig.*, 628 F. Supp. 2d 432, 437 (S.D.N.Y. 2008) (citing *In re WorldCom, Inc. Secs. Litig.*, 293 B.R. 308, 316 (S.D.N.Y. 2003)).

### B. The Court Has Subject Matter Jurisdiction

In their opening brief, Defendants first argue that this action must be remanded because the SDNY Bankruptcy Court—the forum Plaintiff Kahlon ultimately seeks—lacks subject matter jurisdiction to hear this case.[5] (Defs.' Br., Dkt. 10-1, at ECF 4–5.) In their reply brief, Defendants take this a step further, claiming this Court lacks subject matter jurisdiction because "[t]he mere filing of a bankruptcy by Defendant Yitzhak does not automatically create federal jurisdiction over state court matters." (Defs.' Reply, Dkt. 12, at ECF 5.) Defendants assert that "[i]f this matter were truly supposed to be determined at the federal level, the (a) Plaintiff should have brought the action originally in federal court and/or (b) Plaintiff should have sought removal at the time the motion to vacate was originally filed." (*Id.*)

---

[5] Notably, in resolving a motion to remand, the Court may "take into consideration the possibility that the case might be transferred for consolidation with a pending bankruptcy proceeding," which, here, is in the SDNY Bankruptcy Court. *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555, 558 (E.D.N.Y. 2010) (citation omitted). The Court addresses this issue *infra* to the extent relevant on the issue of mandatory abstention.

5

Defendants cite no authority for their position that a state court action cannot be removed under 28 U.S.C. §§ 1334 and 1452 unless the Court would otherwise have federal jurisdiction (such as under 28 U.S.C. § 1441), presumably because there is none. Indeed, the law is clear that, "[p]ursuant to statute, cases filed in state court may be removed to federal court if they are sufficiently related to bankruptcy proceedings." *In re WorldCom, Inc. Secs. Litig.*, 293 B.R. at 317. There is no statutory requirement for a district court to have a separate basis for federal jurisdiction in order to exercise its "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In enacting Section 1334(b), "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).

The present action, in which Plaintiffs seek to collect on the state court judgment that Plaintiffs obtained against Ms. Yitzhak and involves Defendants' attempt to vacate that judgment, at the very least, crosses the minimum threshold of "related to" jurisdiction under 28 U.S.C. § 1334(b). "Related to" jurisdiction is "fairly capacious," and can include actions in which "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *See SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) (citing *Celotex Corp.*, 514 U.S. at 307 n.5, 308 n.6). This case has more than just a "conceivable effect" on the bankruptcy estate, *see In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) ("The test for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any 'conceivable effect' on the bankrupt estate."); indeed, it has a quite significant one. Defendant Yitzhak is the debtor, Plaintiff Kahlon is one of

6

her judgment creditors, and the outcome of this case—specifically, whether Plaintiffs' judgment against Defendant Yitzhak is vacated—directly impacts the bankruptcy estate property.  In Defendant Yitzhak's motion to lift the stay before the SDNY Bankruptcy Court, she stated that "[i]f this Court permits the [motion to vacate] to proceed, and the Debtor [Yitzhak] is successful[,] . . . the Debtor will have no need to continue her bankruptcy case."  (Notice of Removal, Dkt. 1, ¶ 24 n.4 (citing *In re Erica Itzhak*, No. 24-10669 (JPM) (Bankr. S.D.N.Y), Dkt. 19, at 5–6); *see also* Defs.' Br., Dkt. 10-1, at ECF 7 ("If granted, the Judgment would be vacated which would likely vitiate the need for the bankruptcy.").)  Thus, because Plaintiff Kahlon has established a basis for this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b), Defendants' argument that Plaintiff could not otherwise establish a separate basis for federal jurisdiction is irrelevant.

### C. Plaintiff's Removal Was Procedurally Proper

In addition to finding that this Court has subject matter jurisdiction over this matter, the Court finds that Plaintiff Kahlon's removal did not violate the automatic stay under 11 U.S.C. § 362, and that the removal was timely.

First, the Court finds unpersuasive Defendants' argument that the automatic stay precluded Plaintiff from removing this action.  Defendants point to the language in the SDNY Bankruptcy Court's Order modifying the automatic stay, specifically that "other than permitting the Debtor to prosecute the Renewal and Reargument Motion and seek to vacate the judgment and to permit Kahlon to oppose such a motion and for the state court to rule on the Renewal and Reargument Motion, the automatic stay remains in effect."  (Defs.' Reply, Dkt. 12, at ECF 2 (citing Bankr. Order Modifying Stay, Dkt. 1-1, at ECF 560–61).)  Defendants claim that the stay still applies to "the removal of the matter to Federal Court and the effort to *somehow* transfer the matter from the

Eastern District Court to the Southern District Court to the Southern District Bankruptcy Court." (*Id.* at ECF 3 (emphasis in original).)  But, even if the automatic stay was *not* partially lifted to allow for the resolution of this matter, courts in this Circuit have found that "an automatic stay pursuant to Section 362 does not prevent a party from removing a case to federal court or a federal court from adjudicating a motion to remand." *Worldview Ent. Holdings Inc. v. Woodrow*, 611 B.R. 10, 15 (S.D.N.Y. 2019).

Defendants then argue that, even if removal was permissible, Plaintiff's briefing is silent on "the delay in the removal of the matter" and that "Plaintiff should have sought removal at the time the motion to vacate was originally filed which was March 21, 2024." (Defs.' Reply, Dkt. 12, at ECF 5.)  Defendants' suggestion that Plaintiff Kahlon's Notice of Removal was untimely is clearly incorrect under Rule 9027, which governs the process for removal:

> If the claim or cause of action in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed within the longest of these periods: (A) 90 days after the order for relief in the bankruptcy case; (B) if the claim or cause of action has been stayed under § 362, 30 days after an order terminating the stay is entered; or (C) in a Chapter 11 case, 30 days after a trustee qualifies—but no later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(2).[6]  As Plaintiff Kahlon notes, there was no basis for federal jurisdiction at the time the motion to vacate was filed because subject matter jurisdiction here is based on Defendant Yitzhak's bankruptcy filing.  The order for relief was entered in the bankruptcy case on April 19, 2024, *see In re Erica Itzhak*, No. 24-10669 (JPM) (Bankr. S.D.N.Y), Dkt. 1, and the automatic stay under 11 U.S.C. § 362 was partially lifted on July 1, 2024, (Bankr. Order Modifying

---

[6] The Court does not read Rule 9027(2)(B) (providing that notice of removal may be filed within 30 days after termination of § 362 stay) to indicate that removal is *only* permissible once a stay has been lifted.  Rather, the Federal Bankruptcy Rules provide several timing options for removal, giving the removing party the benefit of the longest option.  As previously explained, a stay under § 362 does not prevent a party from removing a case to federal court. *Worldview Ent. Holdings Inc.*, 611 B.R. at 15.

8

Stay, Dkt. 1-1, at ECF 560–61). Plaintiff removed this claim on July 31, 2024, within the "30 days after an order terminating the stay is entered." Fed. R. Bankr. P. 9027(2). Therefore, because the removing party is given the benefit of "the longest of these periods" under Rule 9027(2), Plaintiff's removal was timely. (*Id.*)

## II. Abstention

Though Plaintiff Kahlon has sufficiently established that the Court has subject matter jurisdiction and that removal was procedurally proper, the Court must still evaluate whether abstention is appropriate. Here, the Court finds that this matter is a "core" bankruptcy proceeding, and thus mandatory abstention under 28 U.S.C. § 1334(c)(2) does not apply. Nevertheless, the Court finds that permissive abstention is warranted and abstains from hearing this matter. 28 U.S.C. § 1334(c)(1).

### A. Legal Standard

"Section 1334(c)(2) governs mandatory abstention, and the principles of mandatory abstention apply to a removed action." *In re Ebury St. Cap., LLC*, 664 B.R. 639, 648 (Bankr. S.D.N.Y. 2024) (citing *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 446–47 (2d Cir. 2005)). The statute provides for the following:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added). This provision requires a district court to abstain from hearing a case if:

> (1) [T]he motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising

9

under" the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) that action can be "timely adjudicated" in state court.

*Goldman v. Grand Living II, LLC*, No. 21-CV-1028 (AMD) (RML), 2021 WL 4033277, at *2 (E.D.N.Y. Sept. 3, 2021) (quoting *Lead I JV, LP v. N. Fork Bank*, 401 B.R. 571, 579 (E.D.N.Y. 2009)); *see also Panthers Cap., LLC v. Jar 259 Food Corp*, No. 22-CV-2674 (DG) (RML), 2023 WL 4823942, at *2 (E.D.N.Y. Mar. 6, 2023) ("In other words, if this court finds that the instant case is merely related to bankruptcy, *i.e.*, is a non-core proceeding, and there is no other source of jurisdiction, then the doctrine of mandatory abstention requires that the court remand the case to state court, so long as the proceeding can be 'timely adjudicated' in a state forum."). "The party opposing mandatory abstention bears the burden of showing that such abstention is not warranted." *In re Ebury St. Cap., LLC*, 664 B.R. at 648.

Even if a proceeding is "non-core," permissive abstention under 28 U.S.C. § 1334(c)(1) may be appropriate. This provision states that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). When evaluating permissive abstention, courts may consider the following factors:

> (1) the effect or lack thereof on the efficient administration of the bankruptcy estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the] court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by

10

> one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Osuji v. HSBC Bank, U.S.A., Nat'l Ass'n*, 580 B.R. 605, 612 (E.D.N.Y. 2018) (citation omitted). "The court is not required, however, to consider each of these factors, and may permissibly abstain where only some of them favor abstention." *Id.*

Additionally, a district court may also remand a claim removed under 28 U.S.C. § 1452(a) "on any equitable ground." 28 U.S.C. § 1452(b). The equitable remand factors are substantially similar to the permissive abstention factors, and courts often analyze them together. *See In re Ebury St. Cap., LLC*, 664 B.R. at 649, 654; *In re Exeter Holding, Ltd.*, No. 11-77954 (AST), 2013 WL 1084548, at *7 (Bankr. E.D.N.Y. Mar. 14, 2013). "Although the party opposing mandatory abstention carries the burden of proof, the moving party bears the burden of proving that permissive abstention or equitable remand is warranted." *In re Ebury St. Cap., LLC*, 664 B.R. at 649 (citations omitted).

### B. Mandatory Abstention Does Not Apply

This Court has already found that it has federal subject matter jurisdiction over this matter because this case, at minimum, satisfies "related to" jurisdiction under 28 U.S.C. § 1334(b). However, the difference between cases that are merely "related to" a bankruptcy proceeding and those that are "core" bankruptcy proceedings is significant because "core" proceedings are not subject to mandatory abstention. *Panthers Cap., LLC*, 2023 WL 4823942, at *2. Indeed, "[w]hen considering whether abstention is mandatory, courts often first examine whether the proceeding is 'core.'" *In re Ebury St. Cap., LLC*, 664 B.R. at 648 (citing *Mt. McKinley Ins. Co.*, 399 F.3d at 447).

Defendants contend that because this is a legal malpractice action filed in state court, this is a non-core proceeding, and that the SDNY Bankruptcy Court—Plaintiff Kahlon's desired

11

forum—would not have jurisdiction to hear the claim. The Court, Defendants contend, must therefore abstain. (Defs.' Br., Dkt. 10-1, at ECF 4–5.) Plaintiff's position is that mandatory abstention does not apply because this is a core proceeding: "it is a proceeding related to the administration of the bankruptcy estate, a proceeding concerning the allowance or disallowance of a claim against the estate and/or a proceeding affecting the liquidation of the assets of the estate and/or an adjustment of the debtor-creditor relationships," under 28 U.S.C. § 157(b). (Pl.'s Br, Dkt. 11, at 8.) The Court agrees with Plaintiff.

As previously established, Plaintiff Kahlon is Defendant Yitzhak's creditor seeking to collect on the $1,000,000 judgment entered in this action in state court. (*See generally* Notice of Removal, Dkt. 1.) Defendants filed the motion to vacate in response to Plaintiff's attempt to collect on the judgment by initiating an auction of Yitzhak's shares of her co-op apartment. (*Id.* ¶¶ 11–12.) And again, Yitzhak herself has acknowledged that Defendants' pending motion to vacate the state court judgment and Defendant Yitzhak's bankruptcy petition are deeply intertwined. (*Id.* ¶ 24 n.4 ("If this Court permits the [motion to vacate] to proceed, and the Debtor is successful . . . the Debtor will have no need to continue her bankruptcy case." (citing *In re Erica Itzhak*, No. 24-10669 (JPM) (Bankr. S.D.N.Y), Dkt. 19, at 5–6)); Defs.' Br., Dkt. 10-1, at ECF 7 ("If granted, the Judgment would be vacated which would likely vitiate the need for the bankruptcy.").) Because the sole remaining issue underlying this case is the validity of the judgment entered against Defendants, this matter concerns the "administration of the estate" and the "allowance or disallowance of claims against the estate." 28 U.S.C. § 157(b)(A)–(B).

Further, while it is true that actions commenced in state court that precede the bankruptcy petition are typically considered non-core proceedings that do not "arise in" the bankruptcy matter itself, *see In re Child Victims Act Cases Removed From State Ct.*, No. 23-CV-4741 (HG), 2023

12

WL 5287067, at *5 (E.D.N.Y. Aug. 17, 2023), non-core proceedings can be converted into core proceedings by the filing of a proof of claim, *see Panthers Cap., LLC*, 2023 WL 4823942, at *4 (collecting cases). In this case, Plaintiff Kahlon filed a proof of claim in Yitzhak's bankruptcy matter on June 18, 2024, for the state court judgment at issue here, which was secured through a lien on Yitzhak's co-op shares. *See In re Erica Itzhak*, No. 24-10669 (JPM) (Bankr. S.D.N.Y), Claims Register, Claim No. 17.

"[B]ankruptcy courts are not precluded from adjudicating state-law claims [as core proceedings] when such claims are at the heart of the administration of the bankruptcy estate," and "[t]he distinction between core and non-core is somewhat subjective and contextual." *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 191 (2d Cir. 2003) (internal quotations and citations omitted). Here, the Court is satisfied that this matter is a core proceeding and that the Court is therefore not required to abstain.[7]

---

[7] Even if the Court were to find that this was a non-core proceeding and applied the other mandatory abstention factors, Defendants' briefing on this issue is woefully inadequate: conclusorily stating that the "requirements are met" without analysis; applying the *permissive* abstention factors rather than the *mandatory* abstention factors; and, in one instance, failing to finish a sentence. (*See* Defs,' Br., Dkt. 10-1, at ECF 6–8.) Nevertheless, this issue is ultimately not dispositive, and as explained below, the Court abstains on other grounds.

### C. Permissive Abstention Is Warranted

Despite the foregoing, the Court ultimately finds that permissive abstention is warranted, and this matter should be remanded to state court to allow it to decide Defendants' motion to vacate the state court judgment. The permissive abstention factors "largely ask the Court to balance the federal interest in efficient bankruptcy administration against the interest of comity between the state and federal courts." *Fried v. Lehman Bros. Real Est. Assocs. III, L.P.*, 496 B.R. 706, 713 (S.D.N.Y. 2013). As such, the Court looks primarily to factor one, "the effect or lack thereof on the efficient administration of the [bankruptcy] estate," and factor two, "the extent to which state law issues predominate over bankruptcy issues." *See id.* at 712; *Osuji*, 580 B.R. at 614 ("Like the efficient administration of the estate, the predominance of state law issues has been described as one of the more compelling reasons for abstaining.").

With respect to factor one, having found that this matter is a "core" proceeding, the Court agrees with Plaintiff Kahlon, at least to some degree, that the "resolution of the Motion to Vacate and whether Ms. Yitzhak is liable to Mr. Kahlon for the Judgment are central to the efficient administration of her bankruptcy case." (Pl.'s Br., Dkt. 11, at 14.) As previously established, Plaintiff seeks to collect on the state court judgment through a lien on Defendant Yitzhak's co-op apartment shares, and has appeared as a creditor in her bankruptcy case. However, as Defendants stress, the SDNY Bankruptcy Court, when modifying the automatic stay, already contemplated that the state court would resolve this matter. (Bankr. Order Modifying Stay, Dkt. 1-1, at ECF 561 (lifting stay "for the state court to rule on the Renewal and Reargument Motion").) While this does not mean the state court is the *only* available forum, the Court is inclined to show deference to the SDNY Bankruptcy Court's Order, which at least anticipated that the state court would be

14

the appropriate forum for litigating the remaining issues in this case despite the ongoing bankruptcy case.  (*See id.*)

Regarding factor two, this case is ultimately a legal malpractice action rooted in substantive state law.  (*See generally* Compl., Dkt. 1-1, at ECF 4–26.)  The motion to vacate itself will certainly raise issues of state procedural law, even if the underlying basis for Defendants' motion purports to rely on the Federal Rules of Civil Procedure and the Initial Federal Action.[8]  Here, the Court is satisfied that "state law issues predominate over bankruptcy issues," *Fried*, 496 B.R. at 712, and weighs this factor heavily.  While this case might not involve difficult or unsettled issues of state law—a consideration under the third permissive abstention factor, *see id.*—the state court has the strongest interest in deciding whether to vacate or uphold the state court judgment.

Abstention here would show deference to both the SDNY Bankruptcy Court's previous Order and the state court's interest in resolving a motion to vacate a judgment that was issued by that court.  Despite Plaintiff Kahlon's position that the "factors overwhelmingly favor the retention of federal jurisdiction here," (Pl.'s Br., Dkt. 11, at 11), the Court finds that none of the remaining permissive abstention factors weigh heavily against abstention.  Thus, in "the interest of comity with State courts," the Court finds that permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate, and exercises its discretion to remand this case to state court.  *See* 28 U.S.C. § 1452(b) (authorizing court to remand any claim removed under 28 U.S.C. § 1452(a) "on any equitable ground").

---

[8] The Court acknowledges that during the pre-motion conference for Defendants' motion to remand, the Court expressed doubt that permissive abstention would be warranted here.  However, at that time, the Court was focused on the fact that Defendants' motion to vacate is based on the Federal Rules of Civil Procedure—a fact the Court now sees is less relevant.  (*See* Notice of Removal, Dkt. 1, ¶ 13.)  Indeed, with the benefit of further reflection, the Court views this case and the motion to vacate primarily as state law matters.

15

## CONCLUSION

For the foregoing reasons, the Court abstains from hearing this matter and Defendants' motion to remand is granted. This case is remanded to New York Supreme Court, Nassau County, under Index Number 601659/2016.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 3, 2025
    Brooklyn, New York

16